## JESSE ELLIS *versus* JOHN HAM.

Where the only claim against a bankrupt, at the time of filing his petition, was a contingency, or possibility that a claim or debt might exist, it could not be proved as a claim against the bankrupt's effects, and is not discharged by his certificate.

If one became surety for another on his bond as constable of a town, the surety had no claim, which could be proved under the bankrupt act, until he had suffered an injury in consequence of so becoming surety.

A claim to recover damages for official neglect of duty as a constable of a town, is one for which an action in form *ex delicto* alone can be maintained, and is not discharged by a certificate in bankruptcy, unless a judgment had been obtained upon it before the petition was filed.

THIS case came before the Court on the following statement by the parties.

This is an action for money paid upon the following agreed statement of facts.

John Ham, the defendant, was duly elected constable of the town of Sidney, at the annual March meeting in 1840, and on the eleventh day of said month gave his bond, and was duly qualified; said bond was signed by himself as principal, and by the plaintiff and three others as sureties. On the 16th day of said March, a writ in favor of one John F. Childs against Isaac Cowan was delivered to said Ham for service; upon the same day he made service of the same by an attachment of certain personal property.

The action was entered at the April Term, District Court, 1840, continued to the Dec. Term of the same year, when judgment was rendered, execution issued and within thirty days delivered to the officer, Ham.

Said execution was returned unsatisfied. Ham was sued for his default in not keeping the property attached, and at the August Term, 1842, judgment was recovered in the action, *Childs* v. *Ham,* for said default, exceptions were filed and a decision given overruling the same at the October Term of the S. J. Court, 1843.

It is admitted, if the evidence is admissible, that Cowan removed the property returned upon the writ, Childs against him,

without the knowledge of said Ham, and appropriated the proceeds thereof to his own use.

The bond which said Ham gave as constable was sued Feb. 22, 1844, and paid by the sureties before judgment, of which the plaintiff was one, who paid as his proportional part on the 22d day of November, 1845, $43. To recover which this action is brought.

The defendant filed his petition to be declared a bankrupt, 19th Dec. 1842, and was declared one Jan'y 22d, 1843 ; petitioned to be discharged, March 14th, 1843, and obtained his certificate Jan. 27th, 1846. The bond, executions, writs, certificate of bankruptcy and all documents named may be referred to and made a part of the case, but need not be copied. Court to render judgment by nonsuit or default.

*Vose*, for the plaintiff, took two grounds of objection to the defence set up.

1. The defendant, Ham, was acting in a public capacity, and had the property in trust, as a constable of the town of Sidney. He is therefore expressly exempted by the bankrupt act from the operation of the discharge. *Morse* v. *Lowell*, 7 Metc. 152.

2. The bankrupt act was no discharge, because we had nothing which we could prove against him under the act. The judgment in favor of the town against the defendant, and the plaintiff also as his surety, first fixed the liability. He should have defended against that suit, if he had any defence. But the plaintiff had no claim against the defendant until he had paid the debt. *Kellogg* v. *Schuyler*, 2 Denio, 73.

*Lancaster*, for the defendant, said that the defendant never received either money or property of the debtor, and never had either in trust. He merely returned an attachment of property, which always remained in the possession of the debtor. The defendant was made liable merely on the ground of a neglect of duty, as constable. He did not " apply trust funds to his own use."

The claim of the plaintiff arises on an implied undertaking at the date of the bond, and was to be considered as a debt

contracted at that time.    *Thompson* v. *Thompson,* 19 Maine R. 244.

, Ham had become liable for a specific sum before he filed his petition in bankruptcy, and the claim might have been proved.    It was therefore discharged.    *Fowles* v. *Treadwell,* 24 Maine R. 377.

The opinion of the Court was drawn up by

SHEPLEY J. — The defendant having been elected a constable of the town of Sidney, executed a bond on March 11, 1840, with the plaintiff and others as his sureties, for the faithful discharge of his duties.    John F. Childs recovered a judgment at the October Term of this Court, in the year 1843, against the defendant for damages occasioned by an official neglect of duty.    Failing to obtain satisfaction of that judgment, he caused a suit to be commenced upon the official bond of the defendant.    That suit was settled by the sureties, and the plaintiff paid for the defendant, on Nov. 22, 1845, his share of the damages.    This action has been commenced to recover the amount thus paid.

The defence presented is, that the defendant on December 19, 1842, filed a petition to be declared a bankrupt, under the act of Congress, passed in 1841 ; that he was decreed to be a bankrupt on January 22, 1843, and that he obtained his discharge as a bankrupt on January 27, 1846.

This defence cannot prevail.

1. The plaintiff, when the petition was filed, had no claim, which could be proved against the defendant in bankruptcy. There was then no proof, that the defendant had not faithfully discharged all his official duties.    There was no contingent debt due from the defendant to the plaintiff.    There was only a contingency or possibility, that such a claim or debt might exist at some future time.    Such a claim could not be proved or discharged, under the act of Congress.    *Woodward* v. *Herbert,* 24 Maine R. 358.

2. The plaintiff had no claim against the defendant, until he had suffered an injury in consequence of becoming his

surety. He could not claim protection or indemnity merely, because Childs had recovered a judgment against the defendant for official delinquency; for the defendant might have satisfied that judgment, and thereby have prevented its being the occasion of injury to the plaintiff, who first acquired a right of action against the defendant by paying a sum of money to be discharged from the suit upon the bond. This was done in November, 1845, and until that time he had no claim, which he could enforce or prove in bankruptcy. It was decided in the case of *Wells* v. *Mace*, 17 Verm. R. 503, that a surety having paid a note, from which the principal had been discharged in bankruptcy, might recover the amount of the bankrupt, and that his discharge was no bar to the suit.

3. The claim of Childs to recover damages for an injury occasioned by official neglect, was one, for which an action in form *ex delicto* could alone be maintained. Such a claim would not have been discharged by the proceedings in bankruptcy, unless a judgment had been obtained upon it, before the petition was filed, thereby changing its character from tort to debt. *Graham* v. *Pierson*, 6 Hill, 247; *Williamson* v. *Dickens*, 5 Iredell, 259; *Spalding* v. *State of New York*, 4 Howard, 21. If the claim of Childs was such that it would not be discharged, that of the plaintiff arising out of it could not be.

4. If the claim of Childs had been such that it could have been proved in bankruptcy, that claim would have been extinguished by the judgment recovered upon it.

That judgment having been recovered since the petition was filed, would costitute a new debt, which would not be discharged. *Crouch* v. *Gridley*, 6 Hill, 250; *Kellogg* v. *Schuyler*, 2 Denio, 73.

It will not be necessary to consider, whether the official bond of a constable should be considered to be a fiduciary debt.

*Judgment for the plaintiff.*