## MIDDLE DISTRICT,

## 1858.

———o———

## COUNTY OF SOMERSET.

———o———

### NATHAN FOWLER *versus* GEORGE KENDALL ET ALS.

A certificate of discharge of a bankrupt will be a discharge of his liability to his sureties upon an official bond, when it appears that the debt against the principal and sureties might have been proved under the Bankrupt Act.

A breach of an official bond subsequent to the filing of a petition to be declared a bankrupt, could not have been proved as a claim in the proceedings upon such petition.

This is an action of DEBT against the defendants, as sureties of one Samuel Burrill, upon a bond given by said Burrill, as deputy sheriff, to the plaintiff, as sheriff. The bond is dated March 15, 1837. The writ is dated March 2, 1857.

All the defendants, except Kendall, have been defaulted, and the following case is stated to determine his liability. Upon facts agreed by the parties, said Samuel Burrill made default, for which his said sureties were originally liable, as follows:

Fowler *v.* Kéndall.

1. He failed to pay his "per centage" to the sheriff, for the years 1837 and 1838.

The amount from March 16, 1837, to December 1, 1837, was $17.44. The amount from December 1, 1837, to July, 1838, was $9.70.

2. One Henry Tucker recovered judgment against the plaintiff, for the default of said Burrill, as his deputy, on the second day of July, A. D. 1842, for the sum of $43.67, debt or damage, and $9.61 costs of suit. This default occurred between March 16, 1837, and February 27, 1838, and said sums were paid by the plaintiff.

3. One Church Williams, on the twenty-first day of November, A. D. 1838, recovered a judgment against the plaintiff, for the default of said deputy, occurring during the time aforesaid, for the sum of $86.82 damages, and $8.99 costs of suit. Of this a portion was paid by Samuel Burrill, and the balance, amounting to $53.10, was paid by the plaintiff, March 16, 1846, with $4.31 costs in a suit on said judgment.

The said Kendall was duly discharged as a bankrupt, under the act of Congress passed August 19, A. D. 1841. He filed his petition September 23, 1842; was duly declared a bankrupt October 25, 1842; filed his petition for a full discharge November 14, 1842; and was fully dscharged September 12, 1843.

If said discharge in bankruptcy is a defence to this suit, judgment is to be rendered for said Kendall for his costs, and against the other defendants upon the default. If the said discharge is not a defence to any or all of the plaintiff's claim, the said Kendall is to be defaulted, and the court to assess the damages.

*J. H. Drummond*, counsel for the plaintiff.

I. These claims of the plaintiff are debts "created in consequence of a defalcation as a public officer, or while acting in a fiduciary capacity," and therefore the defendant's discharge is no bar. Bankrupt Act, s. 1.

A fiduciary creditor, who has not proved his debt, may

sue for and recover it from the discharged bankrupt, by showing that it was within one of the exceptions. *Chapman* v. *Forryth*, 2 Howard R., 202, 209; *Morse* v. *City of Lowell*, 7 Met. R., 152; *Fisher* v. *Currier*, 7 Met. R., 430; *Hayman* v. *Pond*, 7 Met. R., 328, 330; *Frost* v. *Tebbetts*, 35 Maine R., 188.

The claims in suit were created in consequence of a defalcation as a public officer. The principal in the bond was a deputy sheriff, and he would not have been discharged by proceedings in bankruptcy. The surety owes the same debt as the principal, and as to the obligee, all the obligors are principals.

Besides, it will be observed that the act does not apply *solely* to debts arising from the defalcation *of the person pleading the discharge*, but to all debts "created in consequence of a defalcation as a public officer." This includes all debts created in consequence of the defalcation, whether against the defaulter or others. All the claims sued for were created in consequence of Burrill's defalcation. Hence the defendant's discharge is no bar, if Burrill was a public officer. That he was a "public officer," seems too plain for argument.

A collector of taxes is a public officer, within the first section of the Bankrupt Act, and a debt which he owes the city in consequence of a defalcation in his office of a collector, is a fiduciary debt, and not barred by a discharge in bankruptcy. *Morse* v. *Lowell*, 7 Met. R., 152; see U. S. Digest, vols. 7, 8, 9, 10, 11 and 12, in which sheriffs are spoken of as "public officers."

It is not necessary for the plaintiff to prove that he did not prove his debt, and take his dividend. It is matter of defence to show that he did. "A plea of bankruptcy must allege that the debts are not within the excepted clause, or the plaintiff will recover." *Frost* v. *Tebbetts*, 30 Maine R., 188. The defendant, Kendall, is therefore liable for the whole claim. As to the damages: The item of $17.44 was due December 20, 1837, and therefore, and also because the

Fowler *v.* Kendall.

bond so provides, the plaintiff is entitled to recover interest thereon from that date. R. S. of 1840, ch. 104, ss. 57 and 58. For the same reason, he is entitled to recover interest on the item of $9.70, from December 20, 1838. He is also entitled to recover the other items paid by the plaintiff for the default of Burrill, and interest thereon from the time of payment.

As Burrill was duly notified to defend the suits, he was, and the defendant is, liable for the amount paid as costs in these suits, and interest thereon.

II. But if the defendant is not liable for the whole claim on the grounds above stated, he is still liable for the last item claimed and interest, on the ground that that item was not provable in bankruptcy.

This bond was a continuing security, and each successive failure to comply with the condition was a new breach, and a new cause of action. *Austin* v. *Moore,* 7 Met. R., 116, 122. The first breach, therefore, did not make the whole bond provable, but each breach would be provable as it happened.

It is well established, that a debt or claim not provable in bankruptcy, *at the time of the filing of the petition,* or a judgment recovered upon any debt provable or not, *after the filing of the petition,* is not barred by the discharge. *Woodward* v. *Herbert,* 24 Maine R., 358; *Wilkins* v. *Warren,* 27 Maine R., 438; *Holbrook* v. *Foss,* 27 Maine R., 441; *Ellis* v. *Ham,* 28 Maine R., 385; *Fisher* v. *Foss,* 30 Maine R., 459; *Doe* v. *Warren,* 32 Maine R., 94; *Pike* v. *McDonald,* 32 Maine R., 418; *Leighton* v. *Atkins,* 35 Maine R., 118; *Wran* v. *Hondlett,* 30 Maine R., 15; *Bennett* v. *Bartlett,* 6 Cush. R., 225; 7 Cush. R., 592, 594; 2 Cush. R., 173; *Woodbury* v. *Perkins,* 5 Cush. R., 86; 4 Cush. R., 607.

Were these claims then provable at the time Kendall filed his petition, September 23, 1842? As to the first three items, there had been a breach of the bond, and they were therefore provable. As to the last, the plaintiff had not then been damnified. He was not until 1846, when he paid it. It is submitted that this item was not provable, until after

the plaintiff had paid it. The plaintiff had no demand against Burrill, until he had paid something for Burrill's default. He could maintain no action upon this bond until he had paid something. *Jennings* v. *Norton*, 35 Maine R., 308. Burrill might at any time pay the claim to Williams, and save the plaintiff harmless. It was not, then, a contingent demand. There was merely a contingency, that there might be a demand.

"There is a distinction between a contingent demand, and a contingency whether there ever will be a demand. The former is a demand which might have been proved under the bankrupt law, but the latter is not." *Woodward* v. *Herbert*, 24 Maine R., 358.

The case just cited was by a creditor against a surety on a bond, given on mesne process. The bond was given before the surety filed his petition. Judgment in the original suit was recovered afterwards. The court held the discharge was no bar. The fact of the existence of the debt sued in the original process on which the bond was given, did not decide that the plaintiff could prove his claim against the surety, because it was contingent whether the surety would ever be called on.

In *Bartlett* v. *Bennett*, 6 Cush. R., 225, the defendant sold the plaintiff some wire, which the plaintiff sold. A third person commenced an action against the plaintiff, for the wire, claiming under a prior title. Pending the action, and before judgment, the defendant (Bennett) filed his petition under the Bankrupt Act. The plaintiff, after satisfying the judgment, sued the defendant on the breach of his warranty of the title to the wire. The court held, that inasmuch as the plaintiff had paid nothing at the time of the filing of the petition, he had nothing provable against the defendant, and therefore the discharge was no bar. Before the petition was filed, there was a breach in the warranty of the title to the wire, and an action had been commenced against the plaintiff for its value, but in spite of all this, the court held, that as the plaintiff had not then paid anything, and it was not cer-

tain that he ever must, he had no provable claim.  This is analogous to the present case.  In this case, the plaintiff had paid nothing, and it was not certain he would ever be compelled to do so.  In fact, Burrill did pay a part of that judgment, as the case shows.

In *Ellis* v. *Ham*, 28 Maine R., 385, a surety sued his principal for money paid *after* the principal filed his petition as a bankrupt, as his surety on a constable's bond.  The official neglect which caused a breach of the bond, occurred *before* the petition was filed.  But the court held the discharge was no bar, because the claim was not provable until the surety *paid something*.  Before that there was only a contingency of his being compelled to pay something, and such a contingency could not be proved.  The language and reasoning of the court, in that case, apply directly to this.

The same general principle was asserted in *Doe* v. *Warren*, 32 Maine R., 94; *Pike* v. *McDonald*, 32 Maine R., 418, and in *Leighton* v. *Atkins*, 35 Maine R., 118.

In *French* v. *Morse*, 2 Gray R., 111, the court cite with approval several of the cases above cited, and hold that when there is a contingency whether there will ever be a demand, such claim was not provable.

The case was in the nature of covenant against the defendant, upon a covenant against incumbrances in a conveyance of real estate.  There was an incumbrance, a mortgage, but at the time the petition was filed, the plaintiff had paid nothing to remove it.  Afterwards he did so, and brought this action.  The court held the defendant's discharge no bar, because when the petition was filed, it was contingent whether the plaintiff would ever have any demand; the defendant might have paid it; and that contingency existed until the plaintiff paid something.  So in this case, Burrill might have paid Williams' judgment.  Had he done so, the plaintiff would never have had any claim therefor.  Until this plaintiff paid something, it was contingent whether he would have any demand or not.

Nor does the case of *Mace* v. *Wells*, 7 How. R., 272, con-

flict with this. That was an action *by* and not *against* a surety, and was decided on the ground that the fifth section of the bankrupt act *expressly* provides for that particular class of cases. See *French* v. *Morse*, 2 Gray R., 111, 113.

According to the authorities cited, if the defendants, other than Kendall, pay this judgment, they will have a claim against Kendall for contribution, to which his discharge will be no bar. *Ellis* v. *Ham*, 28 Maine R., 385; *Doe* v. *Warren*, 32 Maine R., 94; *Lewis* v. *Brown*, 41 Maine R., 448, 451.

If Kendall is charged in this case, it will do directly what would be accomplished indirectly by another action.

As to the damages, if this view of the case is taken by the court. The defendants will all be defaulted, and judgment entered for the penal sum in the bond. Execution should issue against the other defendants for the plaintiff's whole claim and costs up to the time of the default, and against Kendall for the last item claimed and interest thereon, and full costs up to the time of judgment.

*W. B. Snell*, counsel for the defendants.

Could this defendant have plead his discharge in bankruptcy in bar of the claims alleged in the plaintiff's writ at a certain moment?

Obviously he could not, for it was not obtained until September 12, 1843; and his first petition was filed September 23, 1842, two months after Tucker obtained his judgment against the plaintiff, and for a still better reason, if he had his discharge he was not a party to new suits. Those suits did, however, establish the fact of Burrill's default, and the amount of damages, and consequently the fact of the liability of this defendant as said Burrill's surety, and the amount of the liability.

Is the discharge in bankruptcy a defence to the liabilities of a surety in a bond of this description?

The fifth section of the act to establish a uniform system of bankruptcy, provides that " all creditors, whose debts are

not due and payable until a future day, all annuitants, holders of bottomry and respondentia bonds, holders of policies of insurances, sureties, indorsers, bail, and other persons having uncertain or *contingent demands* against such bankrupt, shall be permitted to come in and prove such debts or claims under this act, and shall have a right, when their debts and claims become absolute, to have the same allowed them."

Had the plaintiff a contingent demand, provable under this act, against this defendant, and were the claims and demands sued for in this action of this character, at the time of the proceedings in bankruptcy on the part of this defendant?

In the case of *Woodward* v. *Herbert,* 24 Maine R., 358, it is said, this clause was probably designed to embrace such debts or claims as the statute of 6 Geo., 4, ch. 16, ss. 51, 53, 56, had authorized to be proved under an English commission; and by the English courts it is decided, "any debt payable upon a contingency, includes actual contingent debts only."

That was an action upon a bond given according to the provisions of chapter 148, section 17, of the statutes of 1841, conditioned that the principal should, within fifteen days after judgment, notify the creditor, for the purpose of examination and disclosure.

The court say "it is necessary to distinguish between a "contingent demand" and a "contingency whether there ever will be a demand," and put the case of the surety upon a bond to liberate a poor debtor from arrest on execution— as one when the debt was payable upon a contingency, and that of the surety on a bond to liberate from arrest on mesne process—as one presenting the contingency, whether there ever would be a demand.

In the one case the surety on the bond obliges himself to pay it, if the principal does not, or does not surrender himself to the prison keeper, or does not procure his discharge by taking the poor debtor's oath. The debt is a contingent debt, and can be proved against the bankrupt.

Fowler v. Kendall.

Not so in the case of a bond to release from arrest on mesne process. There is no obligation to pay the debt in any event, if one should be finally established.

This defendant was liable to the plaintiff as the surety of Burrill, upon his deputation bond. Liability was contingent upon default of Burrill. When default was made, and any condition of the bond was broken, a demand or claim or debt existed against the defendant, capable of computation, and absolute within the meaning of the Bankrupt Act.

If the default was of the first class embraced in this action, the case shows the amount *was* ascertained, and amounted to $27.14, and was clearly provable against the defendant, under the Bankrupt Act.

The second default became absolute when the judgment against the plaintiff in favor of Henry Tucker was rendered, and the plaintiff paying it, could have proved this under the Bankrupt Act, against the defendant; and so of the third default.

It may be said that the plaintiff paid a portion of the claim sued for in 1846. That leads us to inquire :

Does the payment by this plaintiff, in A. D. 1846, of this judgment in favor of Church Williams, change the liability of the defendant ?

We respectfully contend, it does not. John Williams recovered judgment against Fowler for the default of Burrill. A new debt was created. The origin of the debt—the default of Burrill—is merged, and the form lost sight of and extinguished by the judgment. *Holbrook* v. *Foss*, 27 Maine R., 441.

Whatever suits and costs may arise between the parties to that judgment, the surety, this defendant, has no interest in, and cannot be bound by. The surety is by the bond to make good the default of Burrill to the plaintiff, but is he also to answer for the neglect of Fowler to pay Williams ? Can Fowler suffer suits to be multiplied infinitely against himself upon this judgment, or successive judgments, and claim to recover them with costs of this defendant, in a suit

upon this bond? We think he cannot. And if it be said, he should have plead his discharge in bankruptcy in the suit commenced in 1846, upon the judgment recovered by Williams in 1858, we say he could not, for this judgment created a new debt, to which this surety was a stranger, and was in no sense a party to it. But it does not appear by the case, that any judgment was recovered in 1846, in the suit commenced upon the judgment recovered in 1838, or that such suit was ever entered in any court.

Therefore this surety could have had no opportunity to have plead his discharge, were he otherwise entitled to do so. This last suit was settled by Fowler, the plaintiff, in this action, without the agency or interference, in any manner, of this defendant, and he can in no sense be bound by any of Fowler's doings in this settlement.

We therefore submit that the discharge in bankruptcy of the defendant, is a full and complete defence to the plaintiff's claim, in this action, and cite as additional authorities, *Woodward* v. *Herbert*, 24 Maine R., 358; *Loring* v. *Kendall*, 1 Gray R., 305; *Mace* v. *Wells*, 7 How. R., 272; *United States* v. *Davis*, 3 McLean R., 484, 485; *Rand* v. *Pierce*, 36 Maine R., 455; *Tobias* v. *Rogers*, 3 Kernon R., 59.

MAY, J. In this action the defendant, Kendall, relies upon his discharge in bankruptcy as a defence. The other defendants are defaulted. The validity of the proceedings in bankruptcy is not denied. The only question raised is as to their effect in regard to the several items which the plaintiff claims to recover under the bond in suit. These claims, it appears, are for monies received and liabilities incurred by the principal defendant, while acting as a deputy sheriff under the plaintiff; and it is contended that a surety for the performance of the obligations and legal duties of the principal, arising out of this official or fiduciary relation, stands in the same position as the principal, for whose fidelity he is bound; and that, therefore, his certificate in bankruptcy presents no obstacle to the plaintiff's recovery against him.

30

Fowler v. Kendall.

We do not so understand the law. The surety can in no proper sense be regarded as having violated any official or fiduciary trust. His sole responsibility rests in his contract. That clause in the Bankrupt Act, excepting from its operation all debts created in consequence of a defalcation as a public officer, or in a fiduciary capacity, has reference only to the defalcations of the bankrupt himself. No legal disability or odium attaches to the surety. His certificate, therefore, will be regarded as a discharge of such liability, when it appears that the debt against the principal and surety might have been proved under the Bankrupt Act.

The bond in suit was a continuing indemnity, and each and every breach of it was a good cause of action, affording to the plaintiff an ample remedy *when*, and *only when*, they severally occurred. All his claims, therefore, resulting from any breach prior to September 23, 1842, when the defendant, Kendall, filed his petition to be declared a bankrupt, are barred by his discharge, while all other claims originating in any subsequent breach of the bond will not be affected thereby. These claims could not have been proved under the Bankrupt Act, as the numerous authorities cited for the plaintiff clearly show.

In accordance with these views, the plaintiff's claim " for per centage," and for the amount paid by him in July, 1852, upon a judgment recovered against him for the default of Burrill, cannot be recovered as against the defendant, Kendall, the same being barred by his certificate; but the defendant must be held liable for the amount paid by the plaintiff, March 6, 1846, upon the execution against him in favor of ·Church Williams—such payment constituting a new breach of the bond, after the proceedings in bankruptcy had been closed.

Upon the facts stated, the defendant, Kendall, is to be defaulted, and judgment is to be rendered against all the defendants for the penalty of the bond; and execution is to issue against them for $53.10, and interest from March 16, 1846; and another execution is to issue against the other

two defendants for the other items which the plaintiff claims, with interest from the times when each, according to the terms and condition of the bond, should have been paid.

*Defendant, Kendall, defaulted.*

Tenney, C. J., Rice, Appleton, Hathaway, and Davis, J. J., concurred.