# Owens, Adm'r *v.* Corbitt, Adm'r, *et al.*

*Bill in Equity against Personal Representative of Deceased Surety on Administration Bond, to charge Him with Amount due by His Principal.*

1. *Bill; when demurrable.*—A bill in equity against a personal representative, to enforce a demand against his testator or intestate, *prima facie* within the bar of the statute of non-claim, must aver presentment within the period prescribed by statute, or the cause, if any, excepting the demand from its operation; and failing in such averments, is subject to demurrer, or motion to dismiss for want of equity.

2. *Presentment of claim; what will not excuse failure to make.*—It has never been doubted in this court, since the decision in *Jones v. Lightfoot,* (10 Ala. 17), that knowledge of the existence of a claim, on the part of the personal representative, no matter how full, will not dispense with the necessity of an actual presentment, or something equivalent thereto.

APPEAL from Chancery Court of Henry.
Heard before Hon. N. S. GRAHAM.
The point decided sufficiently appears from the opinion.

J. A. CLENDENNIN, for appellant.

J. L. PUGH and W. C. OATES, *contra.*

BRICKELL, C. J.—A bill in equity against a personal representative, for the enforcement of a demand against his testator, or intestate, *prima facie* within the bar of the statute of non-claim, must aver a presentment within the period prescribed by that statute, or the causes, if any exist, for excepting the demand from its operation. If such averments are wanting, the bill is subject to demurrer, or a motion to dismiss for want of equity.—*Fretwell v. McLemore,* 52 Ala. 124.

The demand preferred in the bill, is, to charge the personal representative of a deceased surety on an administra-

[Waddill, Ex'r v. John, Guardian.]

tion bond with a balance ascertained to be due from the principal, on a final settlement of his administration, made after his death, by his personal representatives. The settlement was. made, the balance ascertained, and a decree rendered against the representatives of the principal, more than eighteen months before the bill was filed, and more than eighteen months after the death of the surety, and after the grant of administration on his estate. No cause for excepting the demand from the statute of non-claim is averred, nor is a presentment averred. The want of such averments is a specific cause assigned in the demurrer. The demurrer was well taken, and the chancellor did not err in sustaining it.

The averment that the personal representative had knowledge of the existence of the demand, does not relieve it from the bar of the statute of non-claim. In *Jones v. Lightfoot*, 10 Ala. 17, which has been adhered to, without doubt or qualification, it was held, that knowledge of the existence of a claim, on the part of the personal representative, no matter how full, will not dispense with the necessity of an actual presentment, or something equivalent thereto.

The decree must be affirmed.