# Taylor, Adm'r, *v.* Robinson, Adm'rx.

*Bill in Equity by Legatees to recover for Devastavit committed by Administrator of their Testator.*

1. *Statute of non-claim; operation against claim of heirs or legatees.* The claim of heirs or legatees against the estate of a deceased administrator, for a *devastavit* committed by him, is barred by the statute of non-claim, unless presented to the personal representative of such administrator, within eighteen months after the grant of letters, or after the accrual of the claim; or, where minors are concerned, within eighteen months after they attain their majority.

2. *Same; fraud and fraudulent concealment no exception.*—Fraud and fraudulent concealment on the part of the deceased, in reference to the *devastavit*, create no exception against the operation of the statute of non-claim.

3. *Rule as to recovery.*—The rule is well settled in equity, that all the parties complainant, who join in a suit, must be entitled to recover, or none can. The failure of one is the failure of all.

APPEAL from the Chancery Court of Madison.

Heard before Hon. H. C. SPEAKE.

The original bill in this cause was filed on the 12th of May, 1868, by Morris K. Taylor, as the administrator *de bonis non* of the estate of Byrd Brandon, deceased, and John D. Brandon, Lucy A. Houghton, and Eliza R. Seelye, heirs and legatees of Byrd Brandon, against Caroline Robinson as the administratrix of William Robinson, deceased, for the purpose stated in the opinion. Byrd Brandon died in this State, leaving a will, on the 2d of June, 1838. At the time of his death, the above named legatees were minors, the youngest of whom, John D. Brandon, attained his majority on the 18th of December, 1858.

After an administration in chief, and on the 12th of October, 1840, William Robinson as sheriff was appointed administrator

*de bonis non* of the estate of Byrd Brandon, and he continued to act as such administrator under this appointment until the 13th of December, 1843, when his term of office as sheriff expired. He was re-appointed administrator of said estate on the 22d of April, 1844, and continued to act as such administrator until the time of his death, which occurred on the 3d of July, 1852. On the 21st of July, 1852, John Robinson and James Robinson were appointed administrators of the estate of William Robinson, deceased, and continued to act as such administrators until December 13th, 1858, when they resigned, and the appellee was appointed to succeed them. No settlement was ever made by John Robinson and James Robinson, or by appellee, of the administration of their intestate upon the estate of Byrd Brandon.

The complainants, in their original bill, after averring fraud and mismanagement by William Robinson while he was administrator of Byrd Brandon, allege that said legatees were for many years after the death of their testator non-residents of this State, and were thereby prevented from discovering the frauds alleged against William Robinson; that by reason of his frauds, gross negligence and mismanagement in and about the administration of said estate, they were deprived of all means to prosecute their claim; and that the facts relied on by them to establish his fraud were by them discovered within the year preceding the filing of the bill, and that "they have exercised all the conscience, good faith and diligence to prosecute their rights that the peculiar circumstances attending the case would allow."

In the spring of 1875, the appellants amended their bill, and averred a presentation of the claim of said legatees to the administrators of William Robinson, and a demand of them for a settlement of the administration of William Robinson upon the estate of their father, "in the year 1856, or 1857, or 1858, the exact time not remembered, but before the said John D. Brandon arrived at the age of twenty-one years, and while James Robinson and John Robinson were administrators" of said estate, and a refusal on their part to make such settlement.

The appellee answered the bill, denying all fraud and mismanagement charged to have been committed by her intestate; and incorporated in her answer a plea, that appellants' cause of action was barred by the statute of non-claim.

There was evidence tending to show, that John D. Brandon, within eighteen months after he attained his majority, for himself and the other legatees, did present their claim to the administrators of William Robinson and demand a settlement of their administration upon their testator's estate; but that this was done more than eighteen months after the accrual of said

claim and after the other legatees attained their respective majorities.

On the hearing, had upon pleadings and proof, the chancellor sustained the plea of the statute of non-claim, and dismissed the bill. That decree is here assigned as error.

JOHN D. BRANDON, for appellants. (No brief came to hands of reporter.)

L. P. WALKER, contra, after an elaborate argument of other questions raised by the record, but not passed on by the court, contended, that Robinson's devastavit was a claim against his estate, within the meaning of the statute of non-claim; and not having been presented, as required by the statute, it is barred, citing Fretwell v. McLemore, 52 Ala. 124; McDowell v. Jones, 58 Ala. 25.

SOMERVILLE, J.—The purpose of the bill filed by the appellants is to charge the estate of William Robinson, deceased, with a devastavit alleged to have been committed by him as administrator in the management of the estate of Byrd Brandon, of which the appellant Taylor is administrator de bonis non with the will annexed. The other complainants, who unite with Taylor as co-complainants in the bill, were legatees under the said will. William Robinson died in the year 1852, during which year John and James Robinson were appointed his administrators, and after acting in that capacity over six years, they resigned in December, 1858, when the appellee was immediately appointed to succeed them.

The first question is, whether this claim for a devastavit is within the operation of the statute of non-claim, as against the legatees or heirs who are seeking by bill to enforce distribution. The chancellor so held, sustained the plea of the statute of non-claim, and dismissed the bill. It is our judgment that his decision is free from error.

The case of Fretwell v. McLemore, 52 Ala. 124, seems conclusive of the question. It was there held, in an action by certain heirs against the estate of a surety, that a claim growing out of the misfeasance or malfeasance of his principal, whether judicially ascertained or not, would be barred by the statute of non-claim, unless presented to the administrator of the surety within the period of eighteen months. It was also ruled, in the same case, that the claim of "heirs or legatees claiming as such," which is excepted from the statute of non-claim by section 2598 of the Code, is the claim of title to the specific property of the estate in the hands of the administrator, unadministered and unconverted, and that the exception has no reference to a pecu-

niary demand created by a *devastavit*, or to a default of the administrator creating the mere relation of debtor and creditor. This case is so well reasoned that we can add nothing to the argument, and it has been repeatedly approved by this court. *McDowell v. Jones*, 58 Ala. 25; *Owen v. Corbitt*, 57 Ala. 92; *Foster v. Holland*, 56 Ala. 474. The case of *Harrison v. Harrison*, 39 Ala. 489, maintaining the contrary doctrine, was, in our opinion, unsound in principle, and was properly overruled.

The claim here sought to be enforced was not presented against the estate of William Robinson within the time prescribed by the statute, which is required to be within eighteen months after the grant of letters of administration, or after the accrual of the claim; or, where minors are concerned, within eighteen months after the removal of their respective disabilities.—Code of 1876, §§ 2597–8.

Conceding that the alleged presentation was made within the requisite time, so far as concerns John D. Brandon, who was the youngest of the legatees or heirs, it was too late for his co-complainants, against whom the bar of the statute was complete. The rule is well settled in equity, that all the parties who join in a suit must be entitled to recover, or none can. The failure of one is the failure of all.—*James v. James*, 55 Ala. 525; *Hutton v. Williams*, 60 Ala. 107; *Hardeman v. Sims*, 3 Ala. 747.

The averments of fraud and fraudulent concealment made in the bill against the administrator, in reference to the *devastavit*, can give no aid to the case. It was expressly held in *Yniestra v. Tarleton*, 67 Ala. 126, that fraud on the part of the deceased creates no exception as against the operation of the statute of non-claim. Among the enumerated exceptions the legislature has seen fit not to specify fraud, and the judiciary department is incompetent to do it.

As the evidence in the record probably shows a presentation of the claim in controversy, so far as one of the complainants, John D. Brandon, is concerned, the decree of the chancellor will be amended so as to dismiss the bill without prejudice as to him, and, as so modided, the decree will be affirmed.

BRICKELL, C. J., not sitting.