# McDowell *et al. v.* Brantley *et al.*;

# Brantley *et al. v.* Burford, Adm'x.

*Bill in Equity by Beneficiaries for Account and Settlement of Trust.*

1.  *Bill in equity by cestuis que trust against trustee; what relief may be sought in.*—Where property is bequeathed to a trustee, to be taken care of, and the profits and interest to be paid annually to the testator's married daughter, "for the use and support of herself and her children during her natural life, and at her death the whole of said property to go and become the absolute property of her lawful heirs;" the daughter and her children may join in a bill for an account and settlement of the trust, the removal of the trustee, and the appointment of another in his stead.

2.  *Same; when trustee and his sureties estopped from denying liability to account.*—When a trustee is appointed by the register in chancery, gives bond, and enters on the discharge of the duties of the trust, and a bill in equity is afterwards filed by the beneficiaries, charging waste and loss of the trust funds, asking an account and settlement, the removal of the trustee, and the appointment of another; he and his

[McDowell et al. v. Brantley et al.; Brantley et al. v. Burford, Adm'x.]

sureties are estopped from denying his liability to account, on account of an informality in his appointment.

3. *Statute of non-claim; when defense of may be taken by demurrer.* The defense of the statute of non-claim may be taken by demurrer, when the bill seeks to enforce a demand which is *prima facie* within the statute and does not aver presentation, nor state facts which avoid the bar.

4. *When statute of non-claim begins to run.*—Under a bond executed by a trustee appointed by the register in chancery, conditioned for the faithful performance of his duties, a liability does not accrue to the beneficiaries against the sureties until there has been a default by their principal, and the statute of non-claim (Code, § 2597) does not begin to run until such default.

APPEAL from Wilcox Chancery Court.

Heard before Hon. N. S. GRAHAM.

This was a bill in equity exhibited by Nancy A. Brantley and her children, Charles C., Adaline R., Sally and Kate Brantley, against their trustee, R. H. Dawson; John R. Mc Dowell, the surviving surety on his bond, and Mrs. M. M. Burford, administratrix of M. M. Burford, deceased, who was McDowell's co-surety on said bond. By her last will and testament, which was duly admitted to probate in October, 1856, Sarah McMillan, the mother of oratrix Nancy H. Brantley and the grandmother of her co-complainants, devised and bequeathed her entire estate to James McMillan in trust for the benefit of said Nancy H. Brantley : the proceeds and interest of the trust estate to be paid to her annually, and on her death the *corpus* of said estate to become the absolute property of her heirs in legal shares and proportions. The testatrix nominated Lewis W. McMillan as alternate trustee in the event of James McMillan declining to assume the trust ; the latter, however, duly qualified, and continued in the incumbency thereof, until his resignation in December, 1865. He was succeeded in the trust by different persons, and on 10th January, 1877, the respondent, R. H. Dawson, was appointed trustee and qualified as such a few days later, John R. McDowell and Payton D. Burford being the sureties on his bond, and received the trust fund amounting to $4,700.59. The said Burford departed this life on 27th March, 1879, and on the 16th of the ensuing April his widow, Mrs. M. M. Burford, gave bond as administratrix of his estate. The bill was filed (presumably) in July, 1884, (the record does not indicate the exact date) and, after charging the conversion, &c., of the fund as shown in the opinion, prays for the removal of the respondent, Dawson, from the trusteeship of said fund and the appointment of a trustee in his stead ; that an account be taken ; and that the amount found to be due complainants be decreed to be paid them by said Dawson and his sureties.

[McDowell et al. v. Brantley et al.; Brantley et al. v. Burford, Adm'x.]

The appeal is prosecuted by the respondent, McDowell, from the decree of the chancellor overruling his demurrer to the bill, and by the complainants (by cross-assignment of errors) from a decree sustaining a demurrer interposed by Mrs. Burford. The grounds of the demurrers are indicated in the opinion.

S. J. CUMMING, for McDowell, and JONES & JONES for Mrs. Burford.

John Y. KILPATRICK, *contra.*

STONE, C. J.—Under the provisions of Sarah McMillan's will, the trustee was required to take care of the fund, to pay the profits and interest annually to her daughter, Nancy H. Brantley, " for the use and support of herself and her children during her natural life, and at her death the whole of said property to go to and become the absolute property of the lawful heirs of my said daughter in [equal?] shares and proportions." The present bill was filed by Mrs. Nancy H. Brantley and her children as co-complainants, and charges and alleges " that the trust fund which was received by the trustee [$4,700] has been converted or used and consumed, or is lost and gone; and that said trustee is now totally insolvent." The bill also charges that the trustee " has never made any settlement of his trusteeship, nor has he paid the interest upon the trust fund due for 1883 and 1884, though often solicited so to do by Mrs. Nancy H. Brantley, his *cestui que trust.* She has solicited payment of the interest due for 1883, and he has not paid it." The bill does not show when the annual interest was due and payable, but we suppose at the end of the year in which it accrued. The presumption is that interest for the year 1883 is the product of the fund during that year. The language implies that. If this be the proper interpretation, the interest would not be due and demandable until the end of the year 1883. The present suit was brought in July, 1884, a little more than six months after the alleged first default in the payment of interest. The transcript before us does not show when the bill was filed, but summons for the defendants bears date July 30, 1884. The sheriff's return on the summons is not found in the record. Each defendant demurred separately to the bill, but it is not shown when the demurrers were filed. The case was set down for hearing on the demurrers at the January term, 1885, and the demurrers were ruled on at that term. There was an amendment of the bill, not deemed material, and to that amended bill separate demurrers were filed and ruled on. The chancellor sustained Mrs. Burford's de-

[McDowell et al. v. Brantley et al.; Brantley et al. v. Burford, Adm'x.]

murrer, and overruled McDowell's. By cross assignments of error, each ruling is brought before us.

McDowell's demurrer raises two questions which we will notice. The first is, misjoinder of parties complainant; Mrs. Brantley's interest being that of a tenant for life, and her children tenants in remainder. Each and all of them have a common interest that the fund be recovered and safely invested— Mrs. Brantley, that she may secure the payment of its annual interest to her during her life; and her children, that the principal be equally divided among them at their mother's death. There is nothing in this objection.— *Werborn v. Austin*, 77 Ala. 381; 1 Perry on Trusts, § 175.

The second objection is, that the bill fails to show the death or removal of Lewis W. McMillan, alternate testamentary trustee, and fails to show he refused to qualify as such trustee. From this absence of averment, it is contended that the present bill is fatally defective in not showing a case had arisen which conferred on the register jurisdiction to make the appointment of trustee, under which Dawson qualified and received the trust fund. The will has constituted James A. McMillan trustee, and in the event of his death or resignation, it appointed Lewis W. McMillan to execute the trust. The bill avers that James A. McMillan assumed the trust, and subsequently resigned, settling up his accounts. It offers no excuse why Lewis W. McMillan did not take upon himself the trusteeship. It is not shown whether or not Lewis W. was in life when the vacancy occurred, and this record makes no mention of any claim by him to the alternate right the will had conferred on him to administer the trust. We need not consider what would be Lewis McMillan's rights, if he were complaining that they had been disregarded. We have no such case. Dawson petitioned for the appointment, and it was conferred on him at his request. He qualified by giving bond, and received the trust funds. Both he and his sureties are estopped from denying his liability to account for them. There is nothing in McDowell's assignment of errors.

The bill avers that Dawson was appointed trustee in January, 1877, and gave bond for the faithful administration of the trust, with McDowell and Burford as his sureties; that in March, 1877, Burford died, and in April, 1877, Mrs. M. M. Burford, his widow, was appointed administratrix of his estate. She is made a defendant to this suit as such administratrix. There is no averment in the bill that this claim had ever been presented to her for payment, or that it had been filed in the probate court as a claim against the estate. By her demurrer she interposes the defense, known in our jurisprudence as non-claim. If under the facts this defense is available to her, she

[McDowell et al. v. Brantley et al.; Brantley et al. v. Burford, Adm'x.]

can raise it by demurrer, when the bill on its face shows a state of facts which requires presentation, and fails to aver such presentation was made.—*Owens v. Corbett,* 57 Ala. 92; *Fretwell v. McLemore,* 52 Ala. 124. Was this a claim which required presentation?

The decision of this question depends on the construction of section 2597 of the Code of 1876, which is in the following language: "All claims against the estate of a deceased person must be presented within eighteen months after the same have accrued, or within eighteen months after the grant of letters testamentary, or of administration; and if not presented within that time are forever barred." Was the demand asserted in this bill a "claim" which could have been presented? A claim, in the sense here used, is almost the synonym of moneyed demand; for it is required to be presented, only when money is claimed to be due. It has no reference to property alleged to be withheld. It must be payable in money, although it is not necessary it should be due and payable presently. A debt not yet due is a claim within the meaning of this statute. It is the asserted liability of decedent and his estate to pay a sum of money.—Bouvier, Law Dic. "A demand as of right." Worcester's Dic. "A demand of a right, or supposed right." Webster's Dic. "A calling on another for something due, or supposed to be due."—Imperial Dic.

The statute we are considering has been in force in this State a great many years. It was intended to facilitate a safe and speedy settlement of estates, by furnishing the personal representative the means of determining its financial *status* within eighteen months after his appointment. Hence, all claims which had accrued were required to be presented within that time, with an exception of claims in favor of minors and persons of unsound mind, who were allowed eighteen months after the removal of their respective disabilities.—Code, § 2598. Very many rulings have been made on this statute.—*Jones v. Lightfoot,* 10 Ala. 9; *Foster v. Holland,* 56 Ala. 474; *Fretwell v. McLemore,* 52 Ala. 124; *Owens v. Corbett,* 57 Ala. 92; *McDowell v. Jones,* 58 Ala. 25; *Rhodes v. Hannah,* 66 Ala. 215; *Yniestra v. Tarleton,* 67 Ala. 126; *Taylor v. Robinson,* 69 Ala. 269; *Jones v. Drewry,* 72 Ala. 311.

The case of *Neil v. Cunningham,* 2 Porter, 171, was that of a surety on a bond of indemnity. More than eighteen months had elapsed after administration was granted on the estate of the surety, and there had been no presentation. Subsequently the liability of the principal was fixed, and it was held the statutory bar did not commence running until the principal committed the default, for redress of which the suit was brought. In *Pinkston v. Hine,* 9 Ala. 252, a bond was

[McDowell et al. v. Brantley et al.; Brantley et al. v. Burford, Adm'x.]

given by Clisby, with Gauze as surety, that title should be made to a tract of land when Hine became of age. More than eighteen months before that time Gauze died, and Pinkston became his administrator. There was no presentation until after Hine became of age, and the statute of non-claim was pleaded. It was held the claim did not accrue until Hine came of age, and that the demurrer to that plea was properly sustained. In *Jones v. Lightfoot*, 10 Ala. 17, it was said: "There are doubtless cases of contingent liability, which may never accrue, and which, therefore, there is no necessity to present to the personal representative." In *Fretwell v. McLemore*, 52 Ala. 124, this court said: "The judicial ascertainment creates the cause of action against the surety, authorizing the enforcement of the liability imposed by the bond." In that case "the period prescribed by the statutes, as that within which the distributees could claim distribution, having arrived," it was held that there was a claim against the intestate—that a liability originating on the bond had accrued—and the plea of the statute of non-claim was held good. So, in *McDowell v. Jones*, 58 Ala. 25, we said: "There may be contracts involving only contingent liability, or dependent upon the future performance, or the happening of some particular event, of some act or duty by the person to whom the promise is made, or by some other person, not falling within the operation of the statute. Or, there may be claims not within the operation, because they do not accrue until the doing of some act by another, after the grant of administration. When the act is done and the claim has accrued, the bar of the statute is computed, not from the grant of administration, but from the act and the accrual of the claim. * * * The liability of a surety on an administration bond is contingent, until the principal shall fail in the performance of a duty required of him by law."

The bond in this case, like the bonds of public officers, executors, administrators and guardians, was an obligation to do certain duties and execute certain trusts, which might, in their administration, run through many years. If presentation were required in such cases before actual default committed, it could only be of the penalty of the bond—nothing more definite, and nothing less in amount. In the present case, the claim would have been eight thousand dollars, the penalty of the bond. This, too, at a time when there was no known default, and, for aught that we can know, there was in fact no default. The bill shows no default until January, 1884. The profession know well what effects the presentation of claims have on administrations. They generally tie up the assets, delay disbursements and distributions, and frequently lead—

[Beggs & Son v. Arnotte.]

rightfully lead—to report of insolvency, order for sale of real estate, and many other consequences not necessary to be mentioned. And, in such a case as this, all these consequences might be entailed on the administration, and for an unknown number of years, when there was in fact no default, and no claim had accrued. The legislature can not be supposed to have contemplated or intended such results as these.

A question very like the one we are considering arises in determining what claims are, and what are not provable against a bankrupt's estate. The claim set up in this suit, until default by the trustee, could not have been proved and allowed in bankruptcy.—*Steele v. Graves*, 68 Ala. 21; *Loring v. Kendall*, 1 Gray, 305; *Ellis v. Ham*, 28 Me. 385; *Fowler v. Kendall*, 44 Me. 448; *Pogue v. Joyner*, 1 Eng. (Ark.) 241.

Mrs. Burford's demurrer ought to have been overruled, and the result is that on Mrs. Brantley's assignments of error the decree of the chancellor is reversed.

Reversed and remanded.