PETITION OF NELSON E. CHURCH AND CHARLES J. PLACE for an Opinion of the Court.

L. in 1885 made an assignment in the usual form in Rhode Island for the benefit of his creditors. In 1882 and 1883 he had given bonds to two probate courts, and breaches of these bonds occurred in 1886. The liability of one of the sureties on the bonds was fixed in amount by legal proceedings, and in part satisfied by the surety's administrator, who claimed reimbursement from L.'s assignee.

*Held*, that the probate courts were not creditors of L. at the time of his assignment.

*Held*, further, that the surety could not be subrogated to the place of the probate court without first satisfying the bond given such court.

*Held*, further, that the administrator was not entitled to reimbursement from the assignee.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

The case stated is as follows:

" March 7, 1882, J. Erastus Lester was appointed guardian of the person and estate of George A. Wellman by the Municipal Court of the city of Providence, and gave bond in the usual form of guardians' bonds in the sum of $1,000, with James C. Lester and Levi A. Lester as sureties. Said court, on April 13, 1886, ordered said J. Erastus Lester to render an account as guardian, which he refused or neglected to do, and February 8, 1887, he was removed, and a successor duly appointed.

" January 8, 1883, J. Erastus Lester was appointed by the Court of Probate of the town of Warwick administrator of the estate of John N. Gladding, and gave two bonds to said court as such administrator in the sum of $1,900, in the usual form of administrators' bonds, with James C. Lester and Levi A. Lester as sureties. Said J. Erastus Lester was ordered by said court, De-

cember 13, 1886, to pay out and distribute the sum of $1,433.30 among the creditors of said John N. Gladding, and the said J. Erastus Lester, administrator, refused or neglected to comply with said order. The bonds above referred to became forfeited, and the said sureties in said bonds became liable on the same.

"James C. Lester died August 30, 1884. Charles J. Place was duly appointed administrator of his estate. He represented said estate insolvent, and commissioners were duly appointed and qualified, and received and examined claims presented against said estate, and in their report allowed claims against the estate of said James C. Lester by reason of his liability as one of the sureties on the bonds of J. Erastus Lester, administrator of the estate of John N. Gladding, to the amount of $1,433.30, and allowed claims against the estate of said James C. Lester by reason of his liability as surety for J. Erastus Lester on his bond as guardian of George A. Wellman, in the sum of         which allowance being unsatisfactory to the administrator, such proceedings were had that a judgment was rendered for $800 and costs, which was added to and made a part of said commissioners' report, and said commissioners' report has been finally allowed and approved.

"March 11, 1885, J. Erastus Lester made an assignment of his property, for the equal benefit of his creditors, to Nelson E. Church.

"March 28, 1888, Charles J. Place, administrator, paid on the said claims allowed by said commissioners the sum of $1,150, and will have to pay the balance of said claims, with interest.

"Is Charles J. Place, administrator, entitled to a dividend from Nelson E. Church, assignee?"

*May* 25, 1888. DURFEE, C. J. The case stated does not set forth the assignment from J. Erastus Lester to Nelson E. Church, and therefore we assume that it was in the ordinary form "for the equal benefit of the assignor's creditors in proportion to their respective claims." Assuming this, it follows that only creditors who were such when the assignment was made are entitled to dividends under it. Charles L. Place contends that the Municipal Court of the city of Providence and the Court of Probate of Warwick were such creditors in virtue of the bonds on which his intestate was surety, and that he, as administrator, having satisfied

the bonds, is entitled by subrogation in their stead to the dividends which they would have been entitled to if he had not satisfied them.   Were the said probate courts creditors of the assignor when the assignment was made?   We think not.   The statement does not show any breach of either of the bonds until afterwards, and until the bonds were broken the assignor owed them nothing thereon, and if he owed said courts nothing they were not his creditors.   If he had never committed any breach he would never have owed them anything.   It is not the case of a debt incurred or contracted to be paid *in futuro*.   Even in proceedings in insolvency or bankruptcy, under statutes much more liberal in their provision for contingent debts or liabilities than our assignments are, such bonds are not provable for dividends, unless broken prior to the proceedings.   *Bennett* v. *Bartlett*, 6 Cush. 225 ; *Mann* v. *Houghton*, 7 Cush. 592 ; *French* v. *Morse*, 2 Gray, 111 ; *Kingman* v. *Fowle*, 5 Allen, 133 ; *Ellis* v. *Ham*, 28 Me. 385; *Fowler* v. *Kendall*, 44 Me. 448, 457.   In *Loring* v. *Kendall*, 1 Gray, 305, it was held that a surety on an administrator's bond was not protected by a discharge in bankruptcy from suit on the bond for breach occurring afterwards.   Shaw, C. J., in delivering judgment, said : " Such an existing obligation, we think, can in no just sense be considered a debt either *in præsenti* or *in futuro*.   It may in case of any forfeiture be the foundation of a debt, but any claim arising from it in the nature of a debt will arise from the breach, and not from the mere existence, of the obligation."   We declare it to be our opinion that Charles J. Place, as administrator on the estate of James C. Lester, is not entitled to a dividend under the assignment of J. Erastus Lester.

The case stated does not show that either bond has been fully satisfied.   We do not understand that, even if the breaches had occurred before the assignment, Place would be entitled by subrogation in respect of either bond without first making such satisfaction.   *Coates' Appeal*, 7 W. & Serg. 99 ; *Lee et al.* v. *Griffin et al.*, 31 Miss. 632 ; *Union Bank of Maryland* v. *Edwards*, 1 Gill & J. 346.

*Nelson E. Church*, pro se ipso.

*Simon S. Lapham*, for Charles J. Place, administrator.