# Rhodes *v.* Hannah's Adm'r.

### Settlement of Accounts of Deceased Guardian, by Administrator.

1. *Statute of non-claim.*—On citation to the administrator of a deceased guardian, to compel a settlement of the guardian's accounts, the statute of non-claim is available as a defense (Code, § 2597), if the claim has not been presented to the administrator within eighteen months after the grant of letters; but the statute would not, *it seems*, be a bar to a proceeding for the recovery of specific money or property of the ward, which was in the hands of the guardian at the time of his death.

APPEAL from the Probate Court of Lauderdale.

In the matter of the settlement of the accounts of Alexander M. Hannah, deceased, as guardian of Mary S. Hannah, also deceased; the citation being sued out by Peter M. Rhodes, as the administrator of the estate of the ward, against R. T. Simpson, as administrator of the estate of the guardian. The administrator appeared in answer to the citation, but declined to file any account, on the ground that no papers had come into his hands showing any liability on the part of the guardian. Thereupon, the petitioner stated and filed an account against the guardian, charging him with the single item of $3,063.27, alleged to have been received by the guardian on the 1st April, 1868, with interest. It was admitted that no claim, on account of the guardianship, had been presented to the defendant within eighteen months after the grant of his letters of administration, and that his intestate's estate had been declared insolvent. On the hearing, as the decree and the bill of exceptions recite, " the defendant objecting and excepting to said item and account as stated, and it appearing to the court that the testimony adduced to sustain the account is incompetent and insufficient, and that said account and claim has not been presented to said administrator within

eighteen months after his appointment, the court sustained the exceptions, and disallowed the account." The petitioner reserved an exception to the ruling and decree of the court, and he now assigns the same as error.

PICKETT & RICE, for appellant.

R. T. SIMPSON, contra.

SOMERVILLE, J.—Alexander M. Hannah, as shown by the record in this case, was appointed guardian of Mary S. Hannah on July 2d, 1860, and afterwards departed this life on October 4th, 1877 ; and on October 29th, 1877, R. T. Simpson, the appellee, obtained from the Probate Court of Lauderdale county, letters of administration on his estate. The appellant, Rhodes, was, on October 13th, 1879, appointed administrator of the estate of said Mary S. Hannah, the ward of said guardian.

On motion made in the Probate Court, for the statement of an account against the appellee, as administrator, evidence was introduced tending to show that the said guardian, during his life-time, had received, in the year 1868, between three and four thousand dollars of the ward's money. The evidence further showed that this claim had not been presented against the estate of the guardian, within eighteen months after the grant of letters of administration. The statute of *non-claim* being interposed, the question is, whether the court below erred in sustaining it as a good and legal defense.

We think the claim was barred, under this state of facts. The language of the statute includes "*all* claims against the estate of a deceased person."—Code of 1876, § 2597. As said by BRICKELL, C. J., in *Fretwell v. McLemore*, 52 Ala. 124, 140, where the construction of this statute is elaborately discussed, "Words more significant to express every demand to which a personal representative can or ought to respond, or which can charge the assets in his hands subject to administration, or more expressive of every legal liability resting upon the decedent, could not have been employed." The authorities cited in that opinion fully sustain this view of the statute. *Foster v. Holland*, 56 Ala. 474.

We do not intend, by this opinion, to intimate that, if the evidence had shown that the specific money claimed by the ward, or her administrator, was in the hands of the guardian at the time of his decease, the statute of non-claim could have been successfully pleaded. This would have been a claim to specific property, and not strictly a demand involving the relationship of debtor and creditor,—*Carrington v. Manning's*

*Heirs*, 13 Ala. 611; *Lewis v. Ford*, at the present term; *Steele v. Humes*, at the last term; *Foster v. Maxey's Ex'or*, 6 Yerg. 224; *Locke v. Palmer*, 26 Ala. 312.

There is no error in the judgment of the Probate Court, sustaining the plea, and the judgment is affirmed.