# Presley *v.* Weakley, Admr. *et al.*

## *Bill in Equity against Sureties of a Guardian for an Accounting.*

1. *Sureties; what necessary to fix liability.*—An action at law can not be maintained against the sureties on the bond of an executor, administrator or guardian until there has been in a separate proceeding a judicial ascertainment of the fact and extent of the principal's liability and the rendition of a judgment or decree against the principal; an act of misfeasance or malfeasance of the principal being the act which fixes the liability of the sureties within the meaning of the statute.

2. *Sureties on guardian's bond; when statute of limitations does not apply.*—Where a guardian has died before the final settlement of his guardianship or before the rendition of a judgment or decree against him, no case can arise either at law or in equity which will fall within the terms of the statute which fixes six years as a bar to "actions against the sureties of executors, administrators or guardians, for any misfeasance or malfeasance whatever of their principal," etc., (Code, § 279).

3. *Sureties on guardian's bond; when bill can not be maintained.* The death of a guardian terminates his trust and fixes the period from which the time for suing the sureties must be computed; and, therefore, a bill filed by a ward after the expiration of eight years from the death of the guardian, asking for an accounting, but disclosing no excuse for an unreasonable delay, comes too late and can not be maintained.

APPEAL from the Chancery Court of Jefferson.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellant, Minnie Lacey Presley against the appellees W. P. Hickman as administrator of the estate of James J. Lacey, deceased, and R. F. Lacey, T. A. Lacey, and John W. Rarden, as sureties on the bond of said James J. Lacey, deceased, as guardian of the complainant, who was the daughter of said James J. Lacey, deceased. It was averred in the bill that prior to her marriage, the complainant was the daughter of James J. Lacey, deceased, and was named Minnie Lacey; that she inherited from her mother money, and her father, James J. Lacey, was appointed her guardian in December, 1886, and made his bond as provided by law, with the defendants, R. F. Lacey and T. A. Lacey and John W. Rarden as sureties on said bond; that James J. Lacey invested the complainant's money in real estate and had the deeds conveying said estate made to "James J. Lacey as guardian of Minnie Lacey"; that on April 1, 1890, James J. Lacey made a partial settlement of his guardianship in which he claimed a credit for such investment; that said James J. Lacey died about 8 years prior to the filing of the bill in the present case, without having made any final settlement of his guardianship; that a short time prior to the filing of the present bill, W. P. Hickman was appointed administrator of James J. Lacey's estate.

The prayer of the bill was for an accounting of the guardianship of the complainant and for a decree against the estate of her guardian and against the sureties on said guardian's bond for such amount as may be ascertained to be due. The bill was filed on December 12, 1900.

The sureties on the bond of James J. Lacey, as guardian, demurred to the bill upon the grounds that the investment of the money as averred in the bill did not show a devastavit of the ward's estate by her guardian, and further that by the averments of the bill it is shown that the statute of limitations of six years is a bar to any action against said sureties. Said Hickman as the

[Presley v. Weakley, Admr. *et al.*]

administrator of the estate of James J. Lacey, deceased, also demurred to the bill setting up the same grounds.

On the submission of the cause upon the demurrers the chancellor overruled the demurrer of the administrator but sustained the demurrer filed by the sureties, and gave the complainant thirty days within which to amend. The complainant having failed to amend her bill, the chancellor dismissed he bill as to the sureties. The complainant then proceeded with the bill against the administrator, and a final decree was rendered against the estate of James J. Lacey. The complainant appeals, and assigns as error the rendition of the decree sustaining the demurrers interposed by the sureties. In this court the cause was, on motion, revived against Turner R. Weakley as administrator *de bonis non* of the estate of James J. Lacey, deceased.

NATHAN L. MILLER, for appellant, cited *Street v. Henry*, 124 Ala. 153; *Fretwell v. McLemore*, 52 Ala. 124; *Jones v. Ritter*, 56 Ala. 270; *Browder v. Faulkner*, 82 Ala. 257; *Ward v. Yonge*, 45 Ala. 476; *Adams v. Jones*, 78 Ala. 117; *Gilbreath v. Manning*, 24 Ala. 418.

J. M. GILLESPIE, *contra*, cited *Harrison v. Heflin*, 54 Ala. 552; *Martin v. Ellerbe*, 70 Ala. 326; *Sewell v. McVay*, 30 La. Ann. 673; *Glass v. Woolf*, 82 Ala. 281; *Greenless v. Greenless*, 62 Ala. 330; *Garrett v. Garrett*, 69 Ala. 429; *Alston v. Alston*, 34 Ala. 15; *Pinkston v. Brewster*, 14 Ala. 315; *Tayloe v. Kilgore*, 33 Ala. 214; 15 Am. & Eng. Ency. Law (2d ed.), 81, 82, 421; *Martin v. Talley*, 72 Ala. 23; Code of 1896, § 670; *Fulgham v. Herstein*, 77 Ala. 496; *Fretwell v. McLemore*, 52 Ala. 124.

SHARPE, J.—By section 279 of the Code six years is made a bar to "actions against the sureties of executors, administrators or guardians for any misfeasance or malfeasance whatever of their principal, the time to be computed from the act done or omitted by their principal which fixes the liability of the surety." This provision first became the law by adoption of the Code of 1852,

prior to which there was no statutory bar to actions of the kind mentioned. A settled principle prevailing before as well as since that enactment is that an action at law cannot be maintained against the surety on the bond of an executor, administrator or guardian until there has been in a separate proceeding a judicial ascertainment of the fact and extent of the principal's liability; but such an ascertainment when had, is, in the absence of any defense personal to the surety, such as fraud, *non est factum* or perhaps some others, binding upon the surety, notwithstanding his absence as a party to that proceeding. Hence it is considered that the act which fixes the liability of the surety within the meaning of the statute is, not the act of misfeasance or malfeasance of the principal, but the rendition of a judgment or decree against the principal.—*Fretwell v. McLemore,* 52 Ala. 124; *Rives v. Flinn,* 47 Ala. 471; *Wright v. Lang,* 66 Ala. 389; *McDowell v. Jones,* 58 Ala. 25; *Adams v. Jones,* 68 Ala. 117; *Martin v. Tally,* 72 Ala. 23; *Street v. Henry,* 124 Ala. 153. "This rule," this court declared in *Adams v. Jones, supra,* with reference to a guardian's bond, "is plain and simple and is too well established both by authority and in sound reason to be now abandoned." The death of the principal cannot except a case from the rule, for such an event cannot so fix the surety's liability as to subject him to an action at law. For this assumed reason and the further expressed reason, that the surety is not bound by any judgment or decree against the personal representative of his principal, it was said in *Martin v. Ellery's Administrator,* 70 Ala. 326, "there is no remedy which can be pursued against the surety of an executor or administrator, after the death of the principal, other than by bill in equity. There can be, after the death of the principal, no judicial ascertaiment of his liability which would be evidence against the surety; and without it no action at law on the bond could be maintained." It results from the construction the statute has received that where, as in the present case, the principal has died before the rendition of a judgment or decree against him, no case can arise

either at law or in equity which will fall within the terms of the statute. But the question remains whether complainant's equitable remedy as against the sureties on her guardian's bond has been extinguished by force of the maxim *vigilantibus non dormientibus acquitas subvenit.* In the application of this maxim, "courts of equity often refuse to grant relief in cases to which the statute of limitations does not strictly apply, and adopt a period, in which their aid may be sought similar to that prescribed in analogous suits at law."—*Askew v. Hooper,* 28 Ala. 634; *Montgomery Light & Power Co. v. Lahey,* 121 Ala. 131. Where, as here, the case is of exclusively equitable jurisdiction the equity court is not bound to the analogies furnished by the statute of limitations, but in the absence of special circumstances to induce an enlargement or restriction of time for suit, that limitation is ordinarily adopted in determining what time should be allowed for that purpose.—19 Am. & Eng. Ency. Law, 154. In *Harrison v. Heflin,* 54 Ala. 552, the bill was filed more than twenty years after the death of an administrator and sought to enforce the obligation of his bond against the estate of a deceased surety. The court, while holding the remedy barred by lapse of time, declined to adopt the period prescribed by the statute we are considering as affecting the bar, but a reason expressed in the opinion for so declining was that the statute was passed after the cause of suit had ripened and applied only to causes of action accruing after it became operative. From this it is inferable that had the statute preceded the cause of suit, it would have been influential in fixing the bar. The statute is an expression of public policy, and as such is proper to be looked to by courts of equity in determining the proper limit of time to be ordinarily allowed for holding sureties, in silent jeopardy of their bonds.

The death of complainant's guardian terminated his trust and fixed the period from which the time for suing the sureties must be computed.—*Harrison v. Heflin, supra.* Thereafter about eight years passed before the bill was filed and so far as it discloses without anything to excuse the delay. In conformance with the spirit and

[Gardner v. Newman.]

policy of the statute of limitations, it must be held that such unexcused delay is in itself sufficient to preclude complainant from obtaining the relief now sought against the sureties and justifies the dismissal of the bill as to them.

Affirmed.