(90 South. 298)

**UNITED STATES FIDELITY & GUARANTY CO. v. SINCLAIR et al.    (2 Div. 730.)**

(Supreme Court of Alabama.    Oct. 27, 1921.)

**1. Equity ⬅84—Laches of one complainant held not a bar against others.**

Even if one of the wards was guilty of laches after attaining his majority which precluded recovery by him from the surety on the guardian's bond, his laches would not bar recovery by the other wards, since the liability of the surety was several as well as joint, and since Code 1907, § 3212, expressly authorizes the chancery court to grant relief in favor of one or more complainants as they may be entitled.

**2. Guardian and ward ⬅182(4)—Administrator of deceased insolvent guardian not necessary party to bill against surety.**

The administrator of the estate of a deceased guardian, which estate was insolvent,

though a proper, is not a necessary, party to a bill by the wards against the surety of the guardian to fix the surety's liability.

**3. Equity ⬅️87(1) — Amended bill against surety joining guardian's administrator held not new cause of action.**

An amended bill against the surety of a guardian to fix its liability, filed after a demurrer to the original bill was sustained, but which sought the same relief and was based on the same facts, does not state a new cause of action, though the guardian's administrator was for the first time joined as respondent therein, so that the filing of the original bill prevented the bar of laches by analogy to the statute of limitations.

**4. Guardian and ward ⬅️180—Decree against deceased guardian's estate is not binding on surety.**

A decree of the probate court settling the account of a deceased guardian is not binding upon the guardian's surety who was not a party thereto.

**5. Guardian and ward ⬅️182(5)—Allegation of decree against guardian's estate does not invalidate bill against surety.**

In a bill to fix the liability of the surety of the deceased guardian, an allegation of the decree in the probate court settling the guardian's account, made merely as an allegation of fact and not on the theory that the surety was bound thereby, does not make the bill demurrable.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Bill by Walter Lorenza Sinclair and others against the United States Fidelity & Guaranty Company to fix their liability upon a guardianship bond and to ascertain the amount due thereon. From a decree overruling demurrers to the bill, respondents appeal. Affirmed.

The original bill in this cause was filed on April 17, 1919, by W. L. Sinclair, H. L. Sinclair, children of J. L. Sinclair, deceased, and Emmie L. Sinclair, his wife; Pearl Sinclair and Emmie Sinclair, children of said J. L. Sinclair, and Emmie L. Sinclair, by their next friend, Emmie L. Sinclair, against the United States Fidelity & Guaranty Company, appellant here.

The demurrer to this bill was sustained. Thereafter, on, to wit, June 27, 1919, this bill of complaint was amended by filing practically a new bill of complaint, in which complaint the said W. L. Sinclair, H. L. Sinclair, Pearl Walker Sinclair, and Emmie Sinclair, a minor, by her next friend W. L. Sinclair, are named as complainants and the said United States Fidelity & Guaranty Company, Emmie L. Sinclair, and Emmie L. Sinclair, as administratrix of the estate of the said J. L. Sinclair, are named as respondents.

It appears from the bill of complaint that W. L. Sinclair was 21 years of age January 26, 1915; H. L. Sinclair was 21 years of age April 24, 1917; Pearl Sinclair Walker married on September 6, 1918, and was 20 years of age on September 3, 1918; that Emmie Sinclair is a minor over 16 years of age; and that all named are children of J. L. Sinclair, deceased, and Emmie L. Sinclair. The bill of complaint further alleges that J. L. Sinclair was on February 4, 1908, appointed guardian by the probate court of Dallas county, Ala., of the estate of the said W. L. Sinclair, H. L. Sinclair, Pearl Sinclair, Ida Sinclair, and Emmie Sinclair, his children and all the minors, with the appellant as surety on his bond as such guardian; the said J. L. Sinclair died May 14, 1913, having never made any settlement of his guardianship either partial or final; that said Ida Sinclair died in August, 1913, intestate, and left surviving her as her only heirs at law her mother, Emmie L. Sinclair, and the complainants named in said bill; that in May, 1918, Emmie L. Sinclair was appointed administratrix of the estate of said J. L. Sinclair, and did proceed to make settlement of the said estate as such guardian in the probate court of Dallas county, Ala. The proceedings in the matter of the final settlement and the decree of the probate court against Emmie L. Sinclair, as administratrix of the estate of J. L. Sinclair, deceased, in favor of the wards of the said guardian on settlement of the said guardianship account, is set out in and made a part of the bill as amended and the exhibits thereto attached. It is further averred in said bill that the estate of J. L. Sinclair is insolvent, and that the liability of the respondent as surety on the bond of the guardian has never been judicially determined; and the bill seeks relief against the appellant as such surety.

The objections to the bill as amended taken by the demurrer are to the effect that the bill shows on its face: First, that there is a misjoinder of parties complainant; second, laches and the statute of limitation of six years by the complainant or one of them in not prosecuting the suit sooner; third, that the appellant is not bound by the decree of the probate court against the administratrix of the estate of J. L. Sinclair, and no proceedings in the settlement of said administrator therein is evidence against the appellant, respondent in the court below.

Keith & Wilkinson, of Selma, for appellants.

There is a misjoinder of parties complainant. 3 Ala. 747; 64 Ala. 162; 65 Ala. 134; 69 Ala. 269. W. L. Sinclair was guilty of laches and is barred by the statute of limitations of six years. 135 Ala. 517, 33 South. 434, 93 Am. St. Rep. 39; 121 Ala. 131, 25 South. 1006; 28 Ala. 634; 54 Ala. 555. Ap-

pellant is not bound by the decree of the probate court against the administratrix of the guardian. 70 Ala. 326; 183 Ala. 604, 62 South. 784; 124 Ala. 153, 27 South. 411; 56 Ala. 25; 91 Ala. 329, 8 South. 283; 135 Ala. 517, 33 South. 434, 93 Am. St. Rep. 39.

Pettus, Fullar & Lapsley, of Selma, for appellee.

There was no misjoinder of parties complainant. Section 2490, Code 1907, and citations. The action is not barred by laches or limitations. Section 4835, subd. 7, Code 1907; 135 Ala. 517, 33 South. 434, 93 Am. St. Rep. 39. The decree of the probate court was properly pleaded. 183 Ala. 604, 62 South. 784; 135 Ala. 517, 33 South. 434, 93 Am. St. Rep. 39. The bonds were several, as well as joint. Section 2503, Code 1907; 77 Ala. 496; 39 Ala. 150.

GARDNER, J. The bill in this cause was filed for the purpose of fixing the liability of respondent United States Fidelity & Guaranty Company as surety on the bond executed by J. L. Sinclair, deceased, guardian for the complainants. It appears that the guardian died on May 14, 1913, more than six years before the filing of the amended bill, and that W. L. Sinclair, one of the complainants, reached his majority in January, 1915, and had been of lawful age during three years after the death of the guardian and before the filing of the amended bill.

[1] It is insisted that as to W. L. Sinclair the right of action was barred by laches —a court of equity applying by analogy the statute of limitations of six years in fixing a bar. Presley v. Weakley, 135 Ala. 517, 33 South. 434, 93 Am. St. Rep. 39. And the argument is advanced that as complainant W. L. Sinclair was not entitled to recover, none of the complainants could recover, upon the principle that all joint complainants must be entitled to recover or none can. This latter argument, however, overlooks the fact that the liability of the surety was several as well as joint (Fulgham v. Herstein, 77 Ala. 496; Frierson v. Travis, 39 Ala. 150; section 2503, Code 1907), and also that section 3212 of the Code expressly authorizes the chancery court to grant relief in favor of one or more complainants as they may be entitled under the facts as the equity and justice of the case may require; but, aside from this, it is not contended that the action was barred by laches, or that the period of six years from the death of the guardian had expired at the time of the filing of the original bill, but only from the filing of the amended bill; and the argument is made that the amendment created such a departure as to constitute in a sense a new cause of action, and therefore did not relate back to the filing of the new bill so as to save the cause from the provisions of the statute or the application of the doctrine of laches.

[2, 3] This insistence is based upon the assertion that the original bill did not make the administrator of the deceased guardian a party, and that as such administrator was a necessary party a cause of action was not in fact stated until the amendment was filed, wherein such administrator was brought in as a respondent in the cause. There was no change in the cause of action; the matter in controversy in the original bill was the question of liability of the United States Fidelity & Guaranty Company as surety on the guardian's bond, and the extent of such liability. This was what was sought both by the original and the amended bill, in favor of the same beneficiaries. The guardian's estate is alleged to have been insolvent, and the administrator of his estate, under the decisions of Fulgham v. Herstein, supra, and Frierson v. Travis, supra, was not a necessary, although a proper, party. We are unable therefore to agree with counsel for appellant upon this insistence, and entertain the view that there was no misjoinder of parties nor was the cause barred by laches as to any of the complainants.

The case of United States Fidelity & Guaranty Co. v. Pittman, 183 Ala. 602, 62 South. 784, cited by counsel for appellant, was not intended as in any manner conflicting with the foregoing authorities. The administrator was there a party to the cause, and it did not appear therein that the estate of the deceased guardian was insolvent.

[4] It is further insisted that the bill was demurrable for its reference to the decree in the probate court against the administrator of the estate of the deceased guardian, upon the theory that such proceedings are not evidence or binding against the surety here. That such were not binding is, of course, correct. As said in United States Fidelity & Guaranty Co. v. Pittman, supra:

"The surety was not, and is not, bound by any judgment or decree rendered against the personal representative of its principal. There was and is no remedy against the surety in a case of this character, involving the trust of a guardianship after the death of the principal, other than a bill in equity. There can be, after the death of the principal, no judicial ascertainment elsewhere of his liability which would conclude the surety."

[5] The bill merely refers to these matters, as facts without any effort to bind the surety thereby; but, on the contrary, in a separate paragraph the bill expressly alleges the liability of the United States Fidelity & Guaranty Company as surety on the bond of J. L. Sinclair, as guardian, has never been judicially determined or fixed.

The decree of the probate court, as to the administrator of the deceased guardian, may be of more or less binding effect—a matter which need not be here determined. But it is not insisted in the bill that such decree

in any manner affected the rights of the surety. Such being the case, the demurrer taking this point was properly overruled.

The bill was not subject to the demurrer interposed and the decree overruling the same will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.