153 So. 150

## BLUE v. UNITED STATES FIDELITY & GUARANTY CO.

6 Div. 383.

Supreme Court of Alabama.

Jan. 11, 1934.

Rehearing Denied March 15, 1934.

Huey, Welch & Stone, of Bessemer, for appellee.

Farris Batson, of Bessemer, for appellant.

BOULDIN, Justice.

This was a proceeding by petition under Code, § 5937, to require the surety on the bond of the guardian of a minor to make a final settlement of the guardianship; the guardian having died without making settlement.

The petition was filed by the ward after his arrival at full age, and nearly ten years after the death of the guardian.

The above and related sections codify the act of 1915 (Acts 1915, p. 138).

The personal representative of a deceased guardian was theretofore, and, if one has been appointed, is still, the party required to make such settlement. Code, § 8207.

The binding effect of such settlement on the surety of the deceased guardian is defined by Code, § 8212. Bean v. Harrison, 213 Ala. 33, 104 So. 244.

A settlement under Code, § 5925, made by the personal representative of a deceased administrator or executor, is not declared binding on the surety of the deceased, and, for want of privity, is not conclusive as to such surety. Cowan et al. v. Perkins, 214 Ala. 155, 107 So. 63.

The evident purpose of sections 5935 and 5937 was to provide a remedy at law where no personal representative of the deceased administrator or guardian has been appointed.

Under section 5935, the surety "may proceed to make settlement."

Under section 5937, the surety may be required on petition so to do.

The sufficiency of the petition before us was not questioned by demurrer and need not be considered.

The controlling question arises upon the plea of the statute of limitations of six years.

Subdivision 7 of Code section 8944, fixes the six-year limitation for "Motions and other actions against the sureties of * * * guardians, for any misfeasance, or malfeasance, whatsoever, of their principal;· the time to be computed from the act done or omitted by their principal, which fixes the liability of the surety."

In Presley v. Weakley, Adm'r, et al., 135 Ala. 517, 521, 522, 33 So. 434, 435, 93 Am. St. Rep. 39, a bill in equity for like purpose, the six-year limitation was applied by analogy to the above statute. Said the court: "The death of complainant's guardian terminated his trust, and fixed the period from which the time for suing the sureties must be computed. Harrison v. Heflin [54 Ala. 552], supra. Thereafter about eight years passed before the bill was filed, and, so far as it discloses, without anything to excuse the delay. In conformance with the spirit and policy of the statute of limitations, it must be held that such unexcused delay is in itself sufficient to preclude complainant from obtaining the relief now sought against the sureties, and justifies the dismissal of the bill as to them."

This case is recognized as the law in United States Fidelity & Guaranty Co. v. Sinclair, 206 Ala. 549, 90 So. 298.

The later statute gives such remedy at law; the statute of limitations applicable thereto having been already declared.

Cases wherein the guardian still lives and is under duty to make settlement as incident to his trust are not in point. These statutes in no way constitute the surety a continuing trustee, but merely relate to actions by and against him to ascertain and decree the amount due from him as surety, a demand fixed by the death of his principal, upon which event the cause of action accrues.

The demurrer to the plea of the statute of limitations of six years was properly overruled by the trial court.

Appellant complains of the action of the trial court in dismissing the petition without opportunity to amend or make reply to the plea. The record does not support such contention. The order of the court, after overruling demurrers to the plea, proceeds: "And the Court after hearing the matters and issues in this Court for a final accounting in the Estate of Frank Carroll Blue, a minor, is of the opinion that said petition should be dismissed. It is therefore ordered, adjudged and decreed that said petition be and the same is hereby dismissed, to which action of the Court petitioner excepts."

It does not appear by bill of exceptions or otherwise that further right to plead was denied appellant. Indeed, the only issue, presumably, was proof of the date of the death of the guardian as alleged in the plea.

It is not pretended that appellant sought to bring himself within the three-year exception on behalf of minors, nor indeed that he had not in fact arrived at full age more than three years before suit brought.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.