173 So. 1

## COOK v. CASTLEBERRY.

### 7 Div. 430.

Supreme Court of Alabama.

Feb. 18, 1937.

Rehearing Denied March 18, 1937.

Longshore & Williams and Rutherford Lapsley, all of Anniston, for appellant.

Knox, Dixon, Dixon & Allen, of Talladega, for appellee.

FOSTER, Justice.

This is a suit in equity by an heir and distributee of the estate of John H. Castleberry, deceased, and seeks to compel the administrator to make a settlement and distribution of said estate according to the requirements of section 5925, Code. The deceased administrator of the estate was E. T. Castleberry, and Lena Castleberry is alleged to be administratrix of his estate. E. T. Castleberry became administrator of John H. Castleberry's estate on March 14, 1900, and died April 17, 1931, and Lena Castleberry was appointed his administratrix. The administration of the John H. Castleberry estate has been moved into equity where this bill is filed. It alleges that all the debts have been paid. There were only three heirs, a sister (complainant) and two brothers, who were E. T. Castleberry and W. B. Castleberry. The latter died in 1935, and complainant has been appointed administratrix of his estate.

The bill alleges that after the death of John H. Castleberry their mother, E. E. Castleberry, died, and E. T. Castleberry, by consent of all parties, took over the administration of her estate without an appointment. That he commingled the funds of both estates in a bank account in his name as agent. That from time to time he rendered statements to his coheirs of the two estates, and made payments to them up to the year 1930 from the combined estates. It also alleges certain acts of misfeasance unknown to her until within a year before filing suit; that he made no inventory or settlement in court; but that on such settlement, if one is made, he would be liable to her as an heir and distributee. There is no administrator de bonis non of John H. Castleberry alleged to exist, and no administrator ad litem prayed for or appointed. Ordinarily an administrator de bonis non or ad litem would be necessary. Waller v. Ray, 48 Ala. 468; section 6057, Code; Blackwell's Adm'r v. Blackwell's Distributees, 33 Ala. 57, 70 Am.Dec. 556.

But when a settlement is sought in equity, and all the debts are paid, and all the heirs of decedent and distributees of his estate are represented before the court, an administrator de bonis non or ad litem is not necessary. Ex parte Baker, 118 Ala. 185, 23 So. 996; Winsett v. Winsett, 203 Ala. 373 (15), 83 So. 117; Teal v. Chancellor, 117 Ala. 612, 23 So. 651.

The bill alleges that there are minor children and heirs at law of E. T.

Castleberry, whose names are not given and who are not made parties, but who are heirs and distributees of John H. Castleberry, through their deceased father, E. T. Castleberry, who was an heir and distributee of John H. Castleberry. But the bill makes no mention of any real estate owned by John H. Castleberry, and seems to proceed only in respect to personal property. The personal property of E. T. Castleberry when he died, including that which he inherited from John H. Castleberry, descended to his personal representative, who is a party.

The bill also alleges that W. B. Castleberry was a brother of John H. Castleberry, and was therefore an heir and distributee of his estate, and that W. B. Castleberry was dead at the time this suit was begun. It makes no allegation as to his distributees. An administrator of his estate is a necessary party to this suit. Gardner v. Kelso, 80 Ala. 497, 501, 2 So. 680. The bill alleges that complainant has been appointed administrator of his estate. While she does not sue as such nor otherwise make herself a party in such representative capacity, she is before the court, and her interest personally is not antagonistic to her interest as such administratrix. So that we take it that the necessary parties are before the court. Watson v. Oates, 58 Ala. 647.

Appellee argues in support of the decree that the claim sought to be enforced should have been presented to the estate of E. T. Castleberry, and not alleging that it was presented, the bill is subject to demurrer. McDowell v. Brantley, 80 Ala. 173. That contention would be well founded if the bill showed just when the appointment was made, and that it prayed for a personal decree against the administrator of the estate of E. T. Castleberry.

In the case of Rhodes v. Hannah's Adm'r, 66 Ala. 215, the administrator of a deceased guardian was cited to make settlement of the guardianship. On the settlement it appeared that the deceased guardian had in his lifetime received an item of money of which he had made no account. This was an amount held to be due by the guardian as a debt, in the absence of a showing that he retained the specific fund, and that because he owed such debt to the ward, it should be presented as such against the estate of the deceased guardian. And in Taylor v. Robinson, 69 Ala. 269, it was held that a claim of heirs that an administrator has committed a devastavit, upon the death of such administrator, should be presented to his administrator under the statute of nonclaim.

But we do not understand that such principle is sufficient to support a demurrer to the bill in this case, for it does not pray for a personal decree against the estate of E. T. Castleberry. The prayer of the bill is for a settlement of the estate of John H. Castleberry, and distribution to the heirs and distributees. On such settlement, if it appears that a claim is barred by the statute of nonclaim, it should not be decreed to be a personal charge against the estate of E. T. Castleberry, but that is not sufficient reason for withholding an order for a settlement of the John H. Castleberry estate. Moreover, a devastavit is not clearly alleged. While he commingled funds of the estate with others, the other funds were owned apparently by the same parties. The heirs and distributees of the E. T. Castleberry estate seem to be the heirs and distributees of the John H. Castleberry estate.

It was not a commingling of the funds of John H. Castleberry with those of the administrator personally, but with other funds of the distributees of said estate. That is not a devastavit. Again we note that it does not affirmatively appear that said agency account did not continue intact until E. T. Castleberry died. If the bill showed that E. T. Castleberry converted to his own use more of that fund than his share, there would be better ground to base this contention.

We are not here concerned with the specific item of the sum alleged to have been borrowed by E. T. Castleberry of the estate funds. That item may have been equalized with the other heirs in making distributions to them. Whether it is a claim which is outstanding against the estate of E. T. Castleberry, and was subject to the statute of nonclaim, should be determined when the settlement is made in this suit. The bill does not show that the administrator should not make account as required by the statute.

In answer to another contention, we think it is sufficient to say that the bill is properly filed in the court of the

county to which the administration of the estate of John H. Castleberry was removed, regardless of the residence of the parties.

The chief insistence made by appellee in support of the decree sustaining the demurrer is that it shows on its face that the demand is stale or that complainant is shown by the bill itself to be chargeable with laches. As finally amended, the effect of the allegations is that the funds which E. T. Castleberry was handling, belonging to the estate of John H. Castleberry and of their deceased mother, all apparently jointly owned, were kept by E. T. Castleberry in an agency account, and from time to time distributions were made, up until 1930 (he died in 1931), without asserting any adverse claim or commingling the account with funds not owned by the same parties and in the same proportions.

One of our earliest cases on that subject is Blackwell's Adm'r v. Blackwell's Distributees, 33 Ala. 57, 70 Am. Dec. 556. It was held that when the trustee holds, not in his own right, but in subordination to and recognition of the rights of the cestui que trust, the presumption of settlement from lapse of time is repelled and the bar is not perfected until after twenty years from the time when settlement should have been made. Whetstone v. Whetstone's Ex'rs, 75 Ala. 495; Werborn v. Austin, 82 Ala. 498, 8 So. 280. The doctrine of repose after twenty years extends from the last clear recognition of the trust relationship. Garrett v. Garrett, 69 Ala. 429; Courson v. Tollison, 226 Ala. 530, 147 So. 635. But we pointed out in the opinion last cited that the rule in equity is that a claim will not be enforced, though it is not stale under the twenty year doctrine, if there exists laches of complainant. Laches is not fixed by a hard and fast limit of time, but is a principle of good conscience dependent upon the facts of each case.

It is not stale nor is there laches unless at the time of the death of E. T. Castleberry it was thus barred against him or facts have since occurred which added to the situation then existing make it so. Up until a year before his death he was making account and distribution of both funds, kept separate from his own. That was a clear recognition of the trust relation. At the time of his death,

there appears no reason why he could not have made an account and settlement of his administration if called upon. Nothing is shown to have occurred which has made it more difficult other than his death. His own death is, of course, not a controlling consideration, and neither is the death of his brother W. B. Castleberry. It does not appear that any material evidence died with him. So that the "transactions have (not) become so obscured by lapse of time, loss of evidence (or) death of parties as to render it difficult to do justice" in so far as the bill shows. If there is such a situation not shown by the bill, respondent must set it up in the answer.

We do not think that the bill is subject to any ground of demurrer which has been brought to our attention.

Reversed, rendered, and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.