183 So. 401

### ESSLINGER v. SPRAGINS et al.

### 8 Div. 895.

Supreme Court of Alabama.

June 16, 1938.

Rehearing Denied Oct. 6, 1938.

Watts & White, of Huntsville, and Rushton, Crenshaw & Rushton, of Montgomery, for appellees.

Francis Esslinger, Brickell & Johnston, and Cooper & Cooper, all of Huntsville, and Roy L. Mitchell, of Tullahoma, Tenn., for appellant.

KNIGHT, Justice.

The plaintiff, as administrator, with the will annexed, of the estate of Virginia K. Hall, deceased, brought the present suit against the defendants, as executors of the last will of Robert E. Spragins, and others, upon a promissory note or bond, executed on August 24th, 1923, by the Farmers Cotton Oil & Fertilizer Company, and payable in the sum of $35,000, on demand, to the order of Virginia K. Hall, at the First National Bank of Huntsville, Huntsville, Alabama.

To the complaint as originally filed, consisting of two counts, these appellees filed five pleas, the first being the general issue, the second and third setting up the statute of limitations of six and ten years, respectively. The fifth plea was non est factum, while in the fourth, the defendants pleaded the statute of non-claim.

The plaintiff, after filing of the above mentioned pleas by the present appellees, and after pleas by the other defendants were interposed, filed motion to have the cause transferred to the equity side of the court docket. The motion is quite lengthy, and it is unnecessary, in the view we take of the case, as here presented, to set out the motion, either in whole, or in part. It was based upon the theory of a trust relationship existing between the said Robert E. Spragins, deceased, and the said Virginia K. Hall, at the time of the execution

of the note, and long prior thereto, and continuing down to the death of said Spragins, and upon the absence of knowledge on the part of Virginia K. Hall "as to the status of said trust, and of the matters in his (Spragins') hands, as her attorney; and the motion prayed for the equitable relief of discovery in the suit."

The court sustained the appellees' demurrers to this motion. To this action of the court, the judgment recites, the plaintiff excepted.

Thereafter the plaintiff amended the complaint by adding thereto additional counts, and by striking all parties defendant except these appellees. To the amended complaint the defendants refiled their pleas 1, 2, 3, 4 and 5, and filed additional pleas 6, 7, 8 and 9. Plaintiff's demurrers to pleas 4, 6 and 7 were overruled, and plaintiff filed replications to certain of the pleas, and joined issue on pleas 1, 5, 8 and 9. To the replications the said defendants demurred, and these demurrers were sustained by the court. At this juncture in the proceedings, the plaintiff refiled his motion to transfer the cause to the equity docket. The defendants thereupon refiled their demurrer to this refiled motion, and the court sustained this demurrer. The judgment entry then recites: "Comes now the plaintiff, by his attorney, and by leave of the court enters a non-suit in this cause; and the same being considered by the court, it is ordered and adjudged by the court that the defendant go hence without day and have and recover of the plaintiff the cost in this behalf expended, for which let execution issue. Plaintiff thereupon gives notice of appeal in open court and in the presence of the attorneys for the parties."

■ We are persuaded that the judgment entered by the court on plaintiff's motion for non-suit was final, and efficacious to bring before us for review the ruling of the court in overruling the several demurrers of the plaintiff to the different pleas of the defendant, as well as the ruling of the court in sustaining the demurrers of the defendants to the several replications of the plaintiff.

No doubt the court's action in overruling the plaintiff's demurrer to defendants' special pleas 4, 6 and 7 was fatal to any recovery by the plaintiff in the action, and especially was this true in view of the fact that the court had also sustained defendants' demurrers to plaintiff's replications

512

to these pleas. It is fairly apparent from the record that the plaintiff became satisfied from these adverse rulings of the court that he could not recover, and, therefore, took a nonsuit to avoid a judgment against him. In these circumstances, the nonsuit suffered was sufficient to bring before us for review all the successive rulings adverse to the plaintiff, which culminated in and superinduced the taking of the nonsuit. Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11; Russell v. Garrett, 208 Ala. 92, 93 So. 711; Garner v. Baker, 214 Ala. 385, 108 So. 38.

Section 6431 of the Code provides: "If, from any ruling or decision of the court on the trial of a cause, either upon pleadings, admission or rejection of evidence, or upon charges to the jury, it may become necessary for the plaintiff to suffer a nonsuit, the facts, point, ruling or decision may be reserved for the decision of the appellate court by bill of exceptions or by appeal on the record as in other cases."

We think it fairly inferable from the record that the nonsuit resulted from the adverse rulings as to both pleas and replications, as well as the denial of the plaintiff's motion to transfer the cause to the equity docket. Therefore, the appeal upon the record, without bill of exceptions, confers jurisdiction upon this court to review the several rulings complained of, except the denial of the motion to transfer the cause to the equity docket. Berlin Machine Works v. Ewart Lumber Co., 184 Ala. 272, 63 So. 567; Garner v. Baker, supra; Long v. Holley, 157 Ala. 514, 47 So. 655.

The judgment entry discloses about a dozen rulings adverse to the plaintiff, nevertheless, there are 1,431 assignments of error, covering 105 pages of the transcript. This multiplication of assignments is not justified by the record and is disapproved. Counsel should remember that assignments of error are but the appellant's pleadings in this court. Kinnon, as Adm'r v. Louisville & Nashville R. Co., 187 Ala. 480, 65 So. 397; Redd Chemical & Nitrate Co. v. W. T. Clay Mercantile Co., 219 Ala. 478, 122 So. 652. Like other pleadings such assignments are subject to be stricken for needless prolixity.

We have uniformly held that an order refusing to transfer a cause from the law docket to the equity docket may not be assigned for error "on any sort of an appeal, and one which makes the transfer can only be assigned for error on appeal from a final decree." Holder v. Taylor, 233 Ala. 477, 172 So. 761, 762; Derzis v. Cox, 223 Ala. 517, 137 So. 306; Ex parte Louisville & N. R. Co., 211 Ala. 531, 100 So. 843; Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Smith v. Grayson, 214 Ala. 197, 107 So. 448; Wiggins 'v. Stewart Bros., 215 Ala. 9, 109 So. 101; Code, Section 6490.

This settled construction placed upon Section 6490 of the Code precludes any review here of the propriety of the court's action in sustaining the defendants' demurrer to the motions made to transfer the cause to the equity docket.

However, we have held that in a proper case, the plaintiff may have the order denying the transfer reviewed by mandamus. Jones v. Wright et al., 220 Ala. 406, 125 So. 645; City of Eufaula v. Alabama Power Co., 233 Ala. 257, 171 So. 368; Ex parte Tennessee Valley Bank, 231 Ala. 545, 166 So. 1. But appellant has not pursued this remedy, and hence we cannot review the action of the court in denying plaintiff's motions to transfer the cause to the equity docket.

We are fully persuaded that the defendants' pleas 4, 6 and 7, interposing the statute of non-claim, were not subject to any ground of demurrer directed to them.

The suit against the defendants is upon a note or bond executed by the Farmers Cotton Oil & Fertilizer Company, and endorsed by Robert E. Spragins, deceased. Letters testamentary upon the estate of said decedent were issued to the defendants —appellees—on October 29, 1935.

Section 5815 of the Code, as amended by the Legislature at the Session of 1931, Acts 1931, p. 840, reads:

"All other claims to be presented or they are barred. All claims against the estate of a decedent, other than the claims referred to in the preceding section, whether due or to become due, must be presented within six months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited. And such presentation must be made by filing a verified claim or verified statement thereof in the office of the judge of probate of the county in which the letters are granted,

within six months from the granting of such letters. 'This Act shall become effective from and after January 1, 1932.'"

Section 5818 of the Code, as amended by the Legislature at the Session of 1931, Acts 1931, p. 837, reads:

"Presentation of claims; how made, affidavit.—The presentation must be made by filing a verified claim or a verified statement thereof, in the office of the Judge of Probate in which letters are granted, and the same must be docketed with a note of the date of such presentation; and, if required, a statement must be given by such Judge, showing the date of presentation. And every such claim or statement thereof so presented must be verified by the oath of the claimant or some person having knowledge of the correctness thereof, and that the amount claimed is justly due, or to become due, after allowing all proper credits. Any defect or insufficiency in the affidavit may be supplied by amendment at any time. And all claims not presented as herein provided within six months from the granting of letters testamentary or letters of administration shall be forever barred, and the payment or allowance thereof is prohibited. But this section shall not apply to claims of executors or administrators to compensation for their services as such, nor to sums properly disbursed by them in the course of administration."

Plea 4 expressly avers that these appellees were duly appointed as executors under the will of said decedent on, towit, October 29, 1935, by the Probate Court of Madison County, Alabama, and that letters testamentary were granted to them as such executors by said probate court on said date, and that no verified claim, or verified statement based upon the said instrument sued on, was thereafter filed in said court against the estate of said decedent within six months after said letters testamentary were granted to said defendants, "Wherefore these defendants say that the instrument sued on is barred as a claim against the estate of said decedent by the statute of non-claim."

Pleas 6 and 7 also set up the same defense as plea 4, though in slightly different language.

The only objection here argued against the sufficiency of said pleas is that they allege a failure to file the verified claim, or statement in the probate court instead of in the office of the judge of probate as required by the statute. If it should be conceded that the pleas were defective in this respect, it is sufficient answer to the argument here made to note that the demurrer does not point out such supposed defect. Code, Section 9479; Deslandes v. Scales et al., 187 Ala. 25, 65 So. 393. But aside from this, the objection to the pleas was otherwise without merit, even if there had been a specific ground of demurrer pointing out the supposed defect. Roberts v. Grayson et al., 233 Ala. 658, 173 So. 38; Lovett v. Funderburk, 224 Ala. 634, 141 So. 557; St. Louis & S. F. R. Co. v. Phillips, 165 Ala. 504, 51 So. 638.

This brings us to a consideration of plaintiff's replications to the several pleas of the defendants.

Confessedly, the note or bond sued on in all counts of the complaint, except Count 6, was not under seal, and, therefore, the statute of limitations of six years applied thereto. Code 1923, § 8944. The note was payable on demand, and was, of course, due immediately after delivery without further notice or demand. Falkner v. Protective Life Ins. Co., 228 Ala. 57, 152 So. 34; Jackson et al. v. Sample et al., 234 Ala. 75, 173 So. 510; Mobile Saving Bank v. McDonnell, 83 Ala. 595, 4 So. 346; Hunter v. Wood, 54 Ala. 71; Owen v. Henderson, 7 Ala. 641. To the note or bond sued on in Count 6 of the complaint, the statute of limitations of ten years would be applicable, Code 1923, § 8943, and, inasmuch as said note or bond was also payable on demand, this period of limitation to be computed from date of execution and delivery of the note or bond.

The statute of limitations begins to run in favor of the party liable from the time the cause of action accrues, "and the cause of action accrues as soon as the party in whose favor it arises is entitled to begin and prosecute an action thereon." Provident Life & Accident Ins. Co. v. Heidelberg, 228 Ala. 682, 154 So. 809, 811; Larue v. C. G. Kershaw Contracting Co., 177 Ala. 441, 59 So. 155. Hence the statute of limitations began to run against the note or bond sued on from the date of its execution and delivery, which was August 24th, 1923. In the replication to the defendants' pleas of the statute of non-claim, and of the statutes of limitations the plaintiff attempted to aver facts which would remove the plaintiff's case from the operation of both statutes.

514

We will first consider the question of error as regards the action of the court in sustaining the demurrer of the defendants to plaintiff's replications to the pleas of the statute of non-claim.

By the terms of the statute, Code, Section 5815, as amended, Acts 1931, p. 840, all claims against the estate of a decedent, other than the claims referred to in the preceding section (not applicable to plaintiff's case), whether due or to become due, must be presented within six months after the grant of letters testamentary or of administration; and if not presented within that time, they are forever barred and the payment or allowance thereof is prohibited.

In 24 Corpus Juris, Section 956, the rule is stated: "The statutory requirement of presentation does not apply to the claims of a cestui que trust for whom the decedent was trustee so long as the trust fund or property can be traced and the trust enforced by suitable proceedings; but where the fund or property cannot be traced and the cestui que trust seeks redress as a general creditor of the estate, he must present his claim."

This rule obtains in this state, as well as in most states of the Union. Yniestra v. Tarleton et al., 67 Ala. 126; Taylor v. Robinson, 69 Ala. 269; Rhodes v. Hannah's Adm'r, 66 Ala. 215, 216; Stewart v. Thomasson, 94 Ark. 60, 126 S.W. 86; Walker v. Byers, 14 Ark. 246; Spicer v. Hockman, 72 Ind. 120; Attorney General v. Brigham, 142 Mass. 248, 7 N.E. 851; Robinson v. Tower, 95 Neb. 198, 145 N.W. 348; Bramell v. Adams, 146 Mo. 70, 47 S.W. 931; Foster v. Featherston, 230 Ala. 268, 160 So. 689; Cook v. Castleberry, 233 Ala. 650, 173 So. 1; Bromberg et al. v. First National Bank et al., 235 Ala. 226, 178 So. 48.

The reason of the rule, in the first instance, is, "the cestui que trust is seeking his own property only—not to enforce a claim against the estate and property of the decedent. Roach v. Caraffa, 85 Cal. 436, 444, 25 P. 22." While, in the second instance, the cestui que trust does not attempt to trace his specific property and recover the same from the executor, but undertakes, as a creditor of the estate, to enforce his demand against the general assets of such estate. Gunter v. Janes, 9 Cal. 643, 659.

This Court, in the case of Yniestra v. Tarleton et al., supra, in discussing the question as to whether or not allegations of fraud or fraudulent concealment, of a cause of action, averred in a bill, could operate to take the action out of the statute of non-claim, made the following pronouncement, which is here pertinent:

"It is argued by appellant's counsel, that, under the provisions of section 3242 of the Code of 1876, the action can be brought at any time within one year from the discovery by the aggrieved party of the facts constituting the fraud, and that the bill in this case was, for this reason, filed within proper time.

"The statute invoked for relief, (§ 3242 of the Code), has no reference to the statute of non-claim. It will obviously appear, from its context, that it was intended to apply only to prevent the bar of the statute of limitations. At common law, it was doubtful, amid the conflicting decisions, whether the time necessary to complete the bar would commence to run only from the discovery of the fraud, or whether a reasonable time thereafter should be allowed for bringing suit. In this state of the law, 'one year' was prescribed by the legislature as the reasonable time within which the aggrieved party was required to prosecute his suit, when his relief was based on the fraud or fraudulent concealment of the defendant.—Porter v. Smith, [65 Ala. 169] (MSS., present term.)

"The statute of non-claim, as found in the present Code, is in the following language: 'All claims against the estate of a deceased person, must be presented within eighteen months after the same have accrued, or within eighteen months after the grant of letters testamentary, or of administration; and if not presented within that time are forever barred.—Code, 1876, § 2597.

"Section 2599 provides that presentation may be made either to the executor, or administrator, or by filing the claim, or a statement thereof, in the office of the judge of probate, in which letters were granted.

"There are no exceptions to the universal operation of this statute, except in favor of minors, and persons of unsound mind, who are allowed eighteen months after the removal of their respective disabilities, and in favor of heirs or legatees, claiming as such.—(Code, § 2598.) 'All claims,' is a phrase clear and comprehensive, and must be construed to mean just what the words import. It does not mean all claims except a class not specified. It fails to make any exception of such claims, as the owner or holder may be ignorant of, or of such as may originate in, or be

based on the fraud, or fraudulent concealment of the deceased. The remark of Lord Bacon embodies but a plain rule of construction, recognized everywhere in the common law, 'that, as exceptions strengthen the force of a general law, so enumeration weakens as to things not enumerated.' The statute is unambiguous in its language, and plain in its literal meaning, and we do not feel authorized to incorporate in it a new exception, especially of this sweeping magnitude, without the sanction of the legislature.—Carlisle & Jones v. Godwin, [68 Ala. 137] (MSS., present term.) The following authorities show that, under our decisions and legislation, the statute of non-claim has never been regarded merely as a statute of limitations, but that the two systems have been recognized as separate and distinct, and embrace scopes of policy not commensurate, but, in many particulars, essentially diverse.—Fretwell v. McLemore, 52 Ala. [124] 140; McDowell's Adm'r v. Jones' Adm'r, 58 Ala. 25; Halfman's Ex'x v. Ellison, 51 Ala. [543] 545; Branch Bank v. Donelson, 12 Ala. [741] 742.

"The further fact that the legislature have seen fit to apply section 3242 expressly to the statute of limitations, and have failed to indicate any intention that it shall have application to the statute of non-claim, is, to our mind, conclusive of the above view. There are many forcible reasons, derived from the policy and purposes of the latter statute, why, as to it, the exception should not prevail, and why it was, therefore, omitted with wise deliberation. To attempt to engraft it on the statute upon any principle of analogy would be a species of judicial legislation which we do not feel authorized to adopt."

The case of Foster v. Foster, 219 Ala. 70, 121 So. 80, cited by counsel for appellant, is wholly unlike the case at bar, and decides nothing contrary to the question decided in the case of Yniestra v. Tarleton et al., supra.

This Court is also committed to the proposition that the failure of a vendor, or mortgagee, to present his lien notes within the time required by the statute of non-claim does not cut off the lien and remedy for the enforcement of such vendor's lien or mortgage, for in such case the complainant seeks only the enforcement of a purely equitable right, but the failure (to present the claim) would operate to bar the right of such vendor or mortgagee to participate in the distribution of the estate. —Hood, Adm'r et al. v. Hammond, 128 Ala. 569, 30 So. 540, 86 Am.St.Rep. 159; Mahone v. Haddock, 44 Ala. 92; Flinn v. Barber, 61 Ala. 530; Hayes v. Betts, 227 Ala. 630, 151 So. 692, 95 A.L.R. 1484; Planters' Warehouse & Commission Co. v. Barnes et al., 229 Ala. 572, 159 So. 63.

■ This is a law action upon a promissory note, and is against the executors of the estate, seeking recovery of a debt against the estate, and not to enforce rights to a trust fund that had found its way into the hands of the executors. If the proceedings were in equity to enforce rights to a trust fund then in the hands of the executors, no presentation would have been necessary. But as the appellant is claiming as a creditor of the estate, and seeking a recovery on a purely moneyed demand, it was incumbent upon him, as such creditor, to have filed his claim within the time, and in the mode required by the statute for presentation of claims against the estate of decedents. Authorities, supra.

It follows, therefore, that each of the replications to pleas 4, 5 and 6 were defective, and subject to defendants' demurrer.

■ Inasmuch as it is admitted in brief of counsel that the claim in suit was not filed in the probate office of Madison County within six months after the grant of letters testamentary to the defendants, it follows that no recovery can be had in this cause, and it is, therefore, unnecessary to determine whether there was or was not error in sustaining the demurrer to plaintiff's replications to the pleas setting up the statute of limitations of six and ten years. In no event can there be a recovery. The statute of non-claim absolutely prohibits the payment of plaintiff's demand. Therefore, any error in sustaining defendants' demurrer to said replications would be error without injury.

■ Before closing this opinion it is but proper that we should say that, if these appellees, after they were appointed executors of the will of said Robert E. Spragins, deceased, were guilty of any actionable misconduct or wrong against Virginia K. Hall, deceased, resulting in injury and damage to said Hall, or to her estate, by reason of the matters charged in certain of the plaintiff's replications, they— these appellees would be answerable therefor individually, but not in their representative capacities. 24 Corpus Juris, Sec-

tion 1826, p. 741; Burdine v. Roper, 7 Ala. 466; Daily's Adm'r v. Daily, 66 Ala. 266; Hunnicutt v. Higginbotham, 138 Ala. 472, 35 So. 469, 100 Am.St.Rep. 45.

Or if, by reason of a trust growing out of the relationship of attorney and client, the plaintiff, as personal representative of said Virginia K. Hall, deceased, would be entitled to an accounting against the executors of said Robert E. Spragins, deceased, such accounting, if any there can be, must be sought by a proper bill in equity. Whether under such a bill, in view of the statute of non-claim, a recovery out of the general assets of the estate of Robert E. Spragins, deceased, may be had, we intimate no opinion. Taylor, Adm'r v. Robinson, 69 Ala. 269; Rhodes v. Hannah's Adm'r, supra; Fretwell v. McLemore, 52 Ala. 124; Bromberg et al. v. First National Bank et al., supra; Foster v. Foster, supra; Foster v. Featherston, supra.

It follows that the judgment appealed from will be here affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.