185 So. 370

### CREWS et al. v: UNITED STATES FIDELITY & GUARANTY CO.

### 4 Div. 24.

Supreme Court of Alabama.

Dec. 22, 1938.

E. C. Boswell and G. A. Ward, both of Geneva, for appellants.

Mulkey & Mulkey, of Geneva, for appellee.

GARDNER, Justice.

The original bill in this cause is by the heirs at law and devisees under the will of M. L. D. Crews, deceased, joined also by the present administrator of the estate of said Crews, against R. V. Crews and D. F. Crews as administrators of the estate of J. D. F. Crews, and the United States Fidelity and Guaranty Company, surety on the bond of said J. D. F. Crews, as administrator with the will annexed of the estate of the said M. L. D. Crews.

Upon the death of M. L. D. Crews, his will was duly admitted to probate, and M. V. Crews, the executor named therein, assumed the discharge of his duties. In the early part of 1926, the said executor died, and in February, 1926, J. D. F. Crews was duly appointed and qualified as administrator with the will annexed, and proceeded with the administration of said estate, the United States Fidelity and Guaranty Company becoming the sole surety on his bond as such administrator.

In December 1929 said J. D. F. Crews died and in the same month R. V. and D. F. Crews were duly appointed and qualified as administrators of his estate. The administration of the estate of M. L. D. Crews, deceased, had been duly transferred to the equity court at the time of the filing of the original bill in this cause and was pending therein, and said R. V. and D. F. Crews as administrators of the estate of J. D. F. Crews, deceased, had filed accounts in 1933 for final settlement of his administration of the estate of M. L. D. Crews, deceased, to which some of the heirs of M. L. D. Crews had interposed contests.

Subsequently the present bill was filed seeking a final settlement of the administration of the estate of M. L. D. Crews, deceased, and an accounting by the administrator of the estate of J. D. F. Crews, deceased, with numerous charges of devastavit on the part of said J. D. F. Crews in his administration, and seeking also to fasten liability upon the United States Fidelity and Guaranty Company as sole surety on said administration bond.

Evidence was taken, and at its conclusion all parties entered into a written agreement by their respective counsel to the effect that the proof disclosed a liability against the United States Fidelity and Guaranty Company as surety in the sum of $3,500, with costs of suit, and that a decree be rendered in favor of complainants and against said company as surety on the bond of J. D. F. Crews, administrator with the will annexed of the estate of M. L. D. Crews, deceased. The agreement reserved to the administrators of the estate of J. D. F. Crews the right to resist any decree of subrogation or contribution which might be sought.

The cause was submitted upon pleadings and proof, and the above noted written agreement of the parties, and a decree rendered accordingly.

The said surety thereupon paid into the equity court the sum of $3,500, and the costs amounting to $373.98, and filed its cross-bill seeking to be subrogated to the rights of complainants to the original bill as against R. V. and D. F. Crews, administrators of the estate of J. D. F. Crews, deceased, principal on the bond of which said cross-complainant was sole surety.

The defendants R. V. and D. F. Crews as administrators of the estate of J. D. F. Crews, deceased, interposed demurrers to the cross-bill, which were overruled, and from this decree have prosecuted the present appeal.

Two questions are presented by the demurrer and argued in brief. It is insisted in the first place that no liability to pay rested upon cross-complainant as surety, for that no decree had been rendered against the principal and there had been of consequence no judicial ascertain-

ment as to such liability, citing Presley v. Weakley, 135 Ala. 517, 33 So. 434, 93 Am. St.Rep. 39, wherein the question of the statute of limitation as to actions against sureties was considered. No such question is here presented.

The surety's right to subrogation arose upon payment of the sum due (60 Corpus Juris 742; Singleton v. U. S. F. & G. Co., 195 Ala. 506, 70 So. 169) as determined by the decree of the court upon agreement of all parties. While the agreement reserved the right of the administrators to resist subrogation, yet it necessarily carried with it an admission of the amount due by J. D. F. Crews as administrator, and for which sum the surety was liable to account. The payment was under compulsion of a judicial proceeding, and the surety could in no sense be deemed a mere volunteer 60 Corpus Juris 744.

But the most serious contention is rested upon the theory that the statute of non-claim presented a bar. See, section 5815, Cum.Supp. to Code 1928, embracing the amendatory Act of 1931, page 840. If presentation of the claim against the estate of J. D. F. Crews was essential, we think the averments of the cross-bill suffice to present the question. McDowell v. Brantley, 80 Ala. 173. But we are persuaded no presentation was necessary either by the heirs or succeeding administrator of the estate of M. L. D. Crews, deceased, or by the cross-complainant.

Reliance is had upon those authorities which are rested in the main on the case of Fretwell v. McLemore, 52 Ala. 124. See Taylor v. Robinson, 69 Ala. 269; Rhodes v. Hannah's Adm'r, 66 Ala. 215; McDowell v. Jones, 58 Ala. 25; Glass v. Woolf's Adm'r, 82 Ala. 281, 3 So. 11; Owens v. Corbitt, 57 Ala. 92. Reference was made to some of these authorities in Cook v. Castleberry, 233 Ala. 650, 173 So. 1, but that case presents no analogy to the one here considered, and is not of material bearing here. But we think these authorities are here inapplicable.

In the instant case the administration of the estate of M. L. D. Crews was pending in the equity court, and R. V. and D. F. Crews as administrators of the estate of J. D. F. Crews, deceased, were proceeding to a final settlement of the administration, which was in the process of contest by the heirs of M. L. D. Crews, deceased. Upon such final settlement all matters of devastavit would have been the subject of inquiry and determination. Sections 5912, 5921, 5925, Code. And under section 5930, Code of 1923, the administrators of the estate of J. D. F. Crews could have been compelled, either by the court of its own motion or by any interested party, to have made such final settlement.

This latter provision was not embraced in the statute at the time of the rendition of the decision in the Fretwell Case, supra, and the other authorities resting thereon (See sections 2232, 2234, Code of 1867, and sections 2592, Code of 1876), and seems to have first appeared in the Code of 1886, as section 2178.

Though the duty may have existed to have made such settlement, yet the power to compel the same was not at that time prescribed by statute, but left to an independent suit in equity (Presley v. Weakley, 135 Ala. 517, 33 So. 434, 93 Am.St. Rep. 39), and in the authorities above noted such was the course pursued.

To such independent proceedings the statute of non-claim was held applicable. The statutes now in force not only provide for the compulsion of such settlement as against the administrator of a deceased administrator but also against the sureties on his bond. Sections 5935–5939, Code of 1923. And, as now provided, the statute contemplates a continuing administration of an estate to final settlement by the administrator of the deceased administrator voluntarily, as he should, or if not by compulsion, and failing therein, by the surety on his bond, voluntarily if he will (section 5935, Code of 1923), or by compulsion if he will not. Section 5937, Code of 1923.

As observed in Boyte v. Perkins, 211 Ala. 130, 99 So. 652, 656, "The settlement is to ascertain what the estate of his intestate owes, growing out of the trust left unsettled. The decree is a claim against the estate of the decedent. It is given no preference over other debts of the decedent."

Though in Blue v. U. S. F. & G. Co., 228 Ala. 239, 153 So. 150, speaking of the Act of 1915, page 138, carried forward as Sections 5935 and 5937, Code of 1923, it was noted that it was the evident purpose thereby to provide a remedy at law where no personal representative of a deceased administrator or guardian had been appointed, yet the statute expressly makes provision for the inclusion of such adminis-

trator if one should be subsequently appointed (section 5936, Code of 1923), and it was evidently proper that the complainants to the original bill, as the administration was then pending in the equity .court, proceed against the personal representative of the deceased administrator and · his surety jointly. And such was the precedent followed and here approved in Cowan v. Perkins, 214 Ala. 155, 107 So. 63, a case much in point as tending to sustain the conclusion here ´reached. And in Section 5938, Code of 1923, is the provision for the conclusive effect of such settlement upon the surety.

In the instant case the administration of the estate of M. L. D. Crews was pending in the equity court where the personal representative of the deceased administrator of said estate were proceeding to a final settlement, with contest filed, which complainants to the original bill considered inadequate to full relief. They thereupon filed the bill for settlement with ,such representatives and surety on the bond of their intestate as parties thereto.

Under these circumstances (and we confine the decision to the facts as here disclosed) no occasion arose for the presentation of any claim against the estate of the deceased administrator. The final settlement was in progress, and upon such settlement all matters presented in the bill would be subject to inquiry and determination. We are therefore of the opinion the statute of non-claim was inapplicable to such a situation, and that the demurrer to the cross-bill was properly overruled. Let the decree stand´ affirmed.

Affirmed.

BOULDIN, FOSTER, and KNIGHT, JJ., concur.